REDMANN, Chief Judge.
We granted certiorari to review and we now reverse a suppression of evidence seized during a search authorized by war *55 rant. The trial judge suppressed because “there was no corroboration of the confidential informant’s information in [the application for] the search warrant.”
The application represents that affiant, a New Orleans police officer, was contacted by a confidential informant “who has given the officer information in the past which has led to arrests and convictions for narcotics violations,” and that the informant told affiant: that one Lonnie, with physical characteristics described in much detail, residing with his mother at a specified address where a described automobile sits inoperative in the driveway, goes to Florida often to get drugs to sell; that Lonnie keeps the drugs in garbage bags in a closet in his room, and had just returned from Florida with about seven pounds of marijuana and three quarters of a pound of cocaine that he was attempting to sell from his house; that Lonnie sells in large rather than small quantities (marijuana by the kilo, cocaine by the ounce or half-ounce). Affiant averred that he had cheeked the address, found that Leonard Knowles, known as Lonnie and fitting the informant’s description, lives there; that an automobile fitting the informant’s description sits in the driveway; that Knowles had no prior narcotics arrest; that because of Lonnie’s alleged dealing in larger quantities rather than amounts purchased for individual use, affiant felt that surveillance of the residence would prove useless; that the informant “has always been reliable in the past and it is felt by this officer that the information contained in this application is true and valid and that there is being sold at 4801 Sherwood Drive by Lonnie a large amount of marijuana and cocaine.”
“The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the ‘veracity’ and ‘basis of knowledge’ of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to insure that the magistrate had a ‘substantial basis for ... concluding]’ that probable cause existed.” Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983).
We cannot say, and neither can the trial judge, on reviewing the magistrate’s issuance of the warrant in this case, that the magistrate made less than a practical, common-sense decision in finding probable cause (not proof; just probable cause) by placing credibility in the police officer affiant and accepting his recitals concerning the informant’s past reliability and veracity in the field of narcotics violations (notwithstanding the affidavit’s lack of much other “basis of knowledge” information). Nor can we, or the trial judge, say that the affidavit’s assertions attributed to a reliable confidential informant, whose reliable confidential information in the past has been in the field of narcotics violations, do not constitute a substantial basis for the magistrate’s concluding that probable cause existed.
“If, for example, a particular informant is known for the unusual reliability of his predictions of certain types of criminal activities in a locality, his failure, in a particular case, to thoroughly set forth the basis of his knowledge surely should not serve as an absolute bar to a finding of probable cause based on his tip.” Gates, 462 U.S. at 233, 103 S.Ct. at 2329.
If reasonable minds might differ on whether a warrant should have issued on this application, and might therefore deem the warrant invalid notwithstanding the “great deference” owed the magistrate’s determination, the evidence seized in execution of the warrant is still not ipso facto excluded. United States v. Leon, — U.S. -, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). Where an officer has obtained a warrant and abided by its terms, suppression is appropriate, according to Leon (virtually quoting from 104 S.Ct., 3421-3422, passim), if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth; or if *56 the issuing magistrate wholly abandoned his judicial role and acted instead as an adjunct law enforcement officer; or if the warrant were based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; or if the warrant were so facially deficient — in failing to particularize the place to be searched or the things to be seized — that the executing officers cannot reasonably presume it to be valid.
None of those circumstances is present here. Defendant argues that the third is — that the affidavit was completely lacking in indicia of probable cause. We have already expressed our disagreement with that view. Reasonable minds may indeed differ on its sufficiency, but the affidavit at least indicates the reliability of the confidential informant, and contains that informant’s assertions that, if reliable, establish a fair probability that drugs are at defendant’s house.
Reversed; motion to suppress denied.