499 So.2d 1248 (1986)
STATE of Louisiana
v.
Jessie SCOTT.
consolidated with
STATE of Louisiana
v.
Jessie SCOTT.
Nos. KA-6141, KA-6142.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1986.
*1249 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., A. Hammond Scott, Asst. Dist. Atty., New Orleans, for plaintiff.
William J. Whitney, New Orleans, for defendant.
Before BARRY, BYRNES and LOBRANO JJ.
BARRY, Judge.
Jessie Scott was charged with one count of possession with intent to distribute cocaine and two counts of possession of cocaine and pentazocine, La.R.S. 40:967. His motion to suppress the evidence was denied and he was found guilty as charged after a bench trial. The State orally multiple billed him on the possession with intent to distribute cocaine, he admitted the allegations and received concurrent ten year sentences at hard labor on each of the three counts.
The defendant's only assignment of error contends the court erred in denying his motion to suppress the evidence because the affidavits fail to set forth a factual basis to establish probable cause for the search warrants.

THE AFFIDAVITS
The warrants were to search rooms 312 and 314 of the Superdome Motor Inn for controlled dangerous substances, particularly cocaine, and all attendant evidence associated with its packaging, use and distribution. A separate affidavit was used for each room although both are almost identical.
*1250 The affidavits state that on April 2, 1986 affiant Detective Tedesco received a call from a reliable confidential informant who had provided information that led to the arrest and conviction of persons involved in prostitution, pandering, and narcotic distribution, as well as the location of fugitives. The informant said Jessie Scott, a negro male, 50-55 years of age, 5' 9" tall, approximately 140 pounds, thin build, dark complexion, with a goatee, was selling narcotics, mostly cocaine, from his room (312) in the Superdome Motor Inn. The informant said Scott sold cocaine from room 314 which he also rented. Detective Tedesco stated he was familiar with the motel and the rooms as described by the informant. The doors to each room are side by side on the third floor and face the hallway. The informant said Scott sold cocaine to numerous motel tenants and he personally observed several transactions from both rooms. He stated cocaine he got from Scott was packaged in small plastic envelopes.
On April 3, 1986 Detectives Tedesco and Bayard attempted to establish a surveillance, but the location of the rooms made it impossible. Later Tedesco called the motel and a man answered and identified himself as "Jessie".
The next day the detectives asked Sgt. Cooke of the Narcotics Division if he knew of narcotic activity at the motel. Cooke advised that an unknown black male in his forties or fifties was dealing cocaine from a room on the third floor.
On April 7 the confidential informant called and told Detective Tedesco that Scott was selling cocaine at the motel every day. He said Scott accepted cash or jewelry, especially the latter from prostitutes who stole it from their dates. The informant named one of Scott's customers as Robert Guillory, who also resided at the motel. The computer gave Guillory's address as the motel and the detectives learned that he was arrested at the motel on December 14, 1985 for possession of cocaine and diazepam. The affidavit for room 312 specified that on April 11, 1986 Detective Bayard called room 314 and a male voice answered.

THE LAW
A warrant may be issued only upon probable cause established to the satisfaction of the judge or magistrate by an affidavit from a credible person reciting facts establishing the cause for the warrant's issuance and particularly describing the place to be searched and the things to be seized. La. Const. Art. I, § 5; La.C.Cr.P. Art. 162. Probable cause exists when the facts and circumstances within the affiant's knowledge and of which he has reasonably trustworthy information are sufficient to justify a man of reasonable caution to believe an offense has been committed. These facts must be contained within the four corners of the affidavit. State v. Duncan, 420 So.2d 1105 (La.1982). The determination of probable cause involves probabilities of human behavior as understood by persons trained in law enforcement. State v. Rodrigue, 437 So.2d 830 (La.1983).
The judge issuing a warrant is to decide whether there is a fair probability that contraband will be found in a particular place. The duty of the reviewing court is to insure that the issuing judge had a substantial basis to conclude that probable cause existed. After-the-fact scrutiny of the sufficiency of an affidavit should not be a de novo review. Massachusetts v. Upton, 466 U.S. 727, 104 S.Ct. 2085, 80 L.Ed.2d 721 (1984); Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).
The United States Supreme Court abandoned the inflexible application of the Aguilar-Spinelli two-pronged test[1] in favor of the "totality of the circumstances" in Illinois v. Gates, 462 U.S. at 238-29, 103 S.Ct. at 2332. The court said:
The task of the issuing magistrate is simply to make a practical, commonsense *1251 decision whether, given all the circumstances set forth in the affidavit before him, including the `veracity' and `basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband ... will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a `substantial basis for ... conclu[ding]' that probable cause existed. (citation omitted) 103 S.Ct. at 2332.
These affidavits clearly establish the confidential informant's veracity and specific knowledge. The informant had provided information which led to numerous arrests. Here he personally observed Scott's narcotics transactions and told Detective Tedesco that activity was going on daily as of April 7, 1986. He named a buyer, Robert Guillory, who had previous drug arrests, including one at the same motel for possession of cocaine and diazepam. The informant's credibility was strengthened by the declaration against penal interest that he had purchased cocaine from the defendant. United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971); State v. Ogden, 391 So.2d 434 (La.1980).
Although a conventional surveillance was impossible, the detectives did verify that "Jessie" answered the motel phone when Detective Tedesco called. Lack of further corroboration by surveillance does not invalidate these warrants when other details support a reasonable inference of reliability. See State v. Johnson, 404 So.2d 239 (La.1981), cert denied 456 U.S. 925, 102 S.Ct. 1970, 72 L.Ed.2d 440 (1982).
Even if reasonable minds differ on whether a warrant should have issued on these applications, the evidence would not be ipso facto excluded. If an officer obtains a warrant and abides by its terms, suppression is appropriate in four instances: (1) where the judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for reckless disregard of the truth; (2) where the issuing judge wholly abandoned his detached and neutral judicial role; (3) where an affidavit is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; (4) where the warrant is so facially deficient the executing officers cannot reasonably presume it to be valid. United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). None are present. See generally State v. Knowles, 472 So.2d 54 (La.App. 4th Cir.1985), writ denied 477 So.2d 706 (La.1985).
Marginal cases should be resolved in favor of a finding that the issuing judge's decision was reasonable. United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965).
Under the totality of these circumstances there was a substantial basis (not marginal) to establish probable cause.

ERRORS PATENT
The minute entry and docketmaster show the State filed an oral multiple bill as to the count of possession with intent to distribute cocaine. No multiple bill was filed on the other two counts; yet the sentences (double the statutory maximum) indicate that the multiple offender statute, La.R.S. 15:529.1, was used.
La.C.Cr.P. Art. 464 requires that an indictment or bill of information be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." An information is a written accusation of crime made by the district attorney. La.C.Cr.P. Art. 384. There can be no oral bill of information. State v. Buttner, 411 So.2d 35 (La.1982); State v. Vidrine, 476 So.2d 537 (La.App. 1st Cir.1985).
Because the defendant was not properly charged as a multiple offender, his adjudication and sentence as an habitual offender is invalid and the ten year concurrent sentences must be vacated. Since no original sentence was imposed we must remand for resentencing.
*1252 The defendant's convictions are affirmed. His sentences are vacated and the cases remanded for resentencing.
CONVICTIONS AFFIRMED; SENTENCES VACATED; REMANDED FOR RESENTENCING.
NOTES
[1] Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).