CIACCIO, Judge.
This appeal involves the defendant’s convictions in three district court cases. Defendant, Patricia Jackson, a/k/a Patricia White, was charged with a third offense possession of marijuana. La.R.S. 40:966. In a second case, she was charged with one count of possession of a Schedule I narcotics; two counts of a Schedule IV narcotics and with being a convicted felon in possession of a firearm. La.R.S. 40:966, 969; 14:95.1. In a third case, this defendant was charged with the illegal possession of stolen property valued in excess of $500.00. La.R.S. 14:69. Jackson, who formerly entered a plea of not guilty to all charges, withdrew that plea and entered a plea of guilty as charged to all counts. She reserved her right to appeal the correctness of the ruling of the trial judge on the motion to suppress the evidence. State v. Crosby, 338 So.2d 584 (La., 1976). On the conviction for a third offense possession of marijuana, the defendant was sentenced to serve five years at hard labor. On the conviction of two counts of possession of Schedule IV narcotics and the one count of possession of Schedule I narcotics, the defendant was sentenced to five years at hard labor. Additionally, she was given three years at hard labor without benefit of parole, probation or suspension of sentence for her conviction as a convicted felon in possession of a firearm. The defendant was also given four years at hard labor for her conviction of possession of stolen property valued in excess of $500.00. Jackson appeals her convictions and sentences relying on one assignment of error. Finding no merit in the plaintiffs single assignment of error we affirm the defendant’s convictions and sentences.
The sole issue on appeal is whether the affidavit utilized in the application for the search warrant was sufficient to establish probable cause for the search.
The record reveals the following:
Officer Mel Stooks, Sr., of the New Orleans Police Department, CIB Robbery Unit received information regarding the armed robberies of the Tango Boutique and Wilson’s Surgical Supply. He also received information regarding incidents of thefts from the Wilson Surgical Supply. This information was provided by a confidential informant who was in custody and who was known by the police officer for a period of 6 months to a year. The information was provided on February 21, 1985 and March 6, 1985 following an initial face-to-face meeting with the informant. As a result of the information provided by the informant, an independent investigation was conducted by the New Orleans Police Department. The investigation lead to the verification of certain of the information provided by the informant. Thereafter, applications for search warrants, with supporting affidavits, were presented to the magistrate. The magistrate signed the search warrants for the search of the residences of the defendant, her mother and an accomplice to the crimes. The residences were suspected of containing various items of jewelry, furs, female wearing apparel, electronic equipment, narcotics and revolvers. The affidavits in support of the application for the search warrant contained the following information:
On Thursday, 2-21-85 at or about 9:30 a.m. Dets. Romallis F. Stakes, Sr. and Det. Farrell A. St. Martin met with a reliable confidential informant. The C.I. told the Dets. that he had information in regard to an armed robbery which occurred at the Tango Boutique located at 4719 Magazine St. on 2-6-85. The Dets. were more than familiar with the case due to the fact they were at the time conducting follow up investigation into the matter.
The C.I. told the Dets. that he was familiar with a black female he identified at “Patricia White” alias “Patricia Rat-cliff” d.o.b. 12-29-47, and a resident of 2227 Josephine St ... The C.I. stated that Patricia White was allegedly involved as a look out in the armed robbery that occurred at the Tango Boutique. The C.I. went on to tell the Dets. that Patricia White along with two unknown black male suspects entered the Tango *147 Boutique and ordered all of the persons present in the business to lie on the floor and those persons were tied with different materials. According to the C.I., Patricia White is allegedly in possession of the firearms used in the commission of the armed robbery. The firearms were described as one blue steel large .357 magnum revolver, one blue steel long barrell (sic) .38 cal. revolver, and one small blue steel .22 cal. revolver with white pearl handles. The C.I. went on to tell the Dets. that Patricia White was in possession of several articles of clothing which seemed to be very expensive. The articles were described as ladies dresses that being one black velvet dress with a white silk or satin sash, one red after five type dress, one black sequin evening dress and numerous other various types of ladies clothing. The C.I. stated that she was in possession of a very large black and grey business type typewriter which appeared to be computerized. Also described by the C.I. were one brown fur, one grey fur, and one white fur which Patricia White was allegedly in direct possession of at the time he saw her. The C.I. stated that Patrcia White was also in possession of numerous other items that were taken in armed robberies. The C.I. told the Dets. that Patricia White had a black Nylon bag which she concealed cocaine and marijuana and that it was normally located in her bedroom or at her mothers residence, on Phillip St., address unknown at this time. In conclusion of the meeting the C.I. offered to return with any other additional information.
On Wednesday, 3-6-85, Dets. Romallis F. Stakes, Sr. and Farrell St. Martin once again received information from the C.I. The C.I. stated that he learned that one of the participants in the armed robbery at Tango Boutique was in fact a very close friend of Patricia White and he identified her as one Glenda Green NF, 9-15-53 and who resided at 1913 Seventh St., Apt. C (later learned to be apt. 2). In this meeting he identified her and stated that the victims would be more than positive in identifying the suspect. The C.I. stated that Patricia White and Glenda Green were allegedly responsible for the armed robbery at the Lasalle Drugs Store located at 3324 Lasalle St. that occurred on or about 1-7-85. The C.I. stated that Glenda Green now has the furs and a medallion with the name “LARRY” engraved on it which is yellow metal, and a silver dress. He stated that Glenda Green was employed by the Yin-son Security Agency. According to the C.I. Patricia White’s daughter has some gold and diamond earrings, a chain with a diamond in it that allegedly came from the robbery. The C.I. stated that Glenda Green was employed in January by Wilson Pharmaceutical Supplies which she allegedly was responsible for setting up the robbery which had occurred 1-7-85. In furtherence the C.I. claimed that a telephone was taken in the robbery along with other items, but the telephone was allegedly the property of Mr. James Wilson, the victim of an armed robbery and a systematic theft. The C.I. stated that the telephone was in the front room of Patricia’s house. The furs were said to be at Patricia White’s residence on top of a built in closet in her daughters room in a close (sic) suit case. In furtherence, (sic) the C.I. stated that Patricia White has a blue suit case with some of the costume jewelry plus she is allegedly wearing a watch named “MIRAGE”, a white ring with diamonds in it and the C.I. states can be identified by the victims from the Tango Boutique robbery and the manager of the Boutique, he identified as Katie Flowers. In conclusion he stated that Patricia has three vases, one on the wall, one by the bed and one on the mantel in her room which she either conceals weed (marijuana) or coke (cocaine), and in a metal box under bed.
After learning the above information the Dets. launched an investigation into the information obtained from the C.I. They learned that Glenda Green did in fact resided 1913 Seventh St., apt. “2” instead of apt. “C”, Leona King (Patricia White’s Mother) did indeed resided at 2400 Phillip St. Apt. “1”. and Patricia *148 White did indeed reside at 2227 Josephine St. The Dets. further learned that the articles described as being taken in each of the incidents or offense were in fact filled in N.O.P.D. reports filed under item numbers B-5787-85, A-7208-85 and A-2937-85. The Dets. also learned that Mr. James Wilson of Wilson’s Pharmaceutical Supplies had been the victim of a systematic theft from a period of time covering November 10, 1984 through the very day of the armed robbery January 3, 1985. The Dets. learned from conversation that some of those articles were located allegedly between Glenda Green, Leona King, and Patricia White residences.
After investigating and concluding that the C.I. information has great validity. It is the Dets. expressed request that a search warrant be granted for the following locations 1913 Seventh st. Apt. 2, 2400 Phillip St. Apt. 1, and the following locations 1913 Seventh St. Apt. 2, 2400 Phillip St., Apt. 1, and 2227 Josephine St.
It should be noted that the reliable C.I. has been utilized in the past and with his information both cases were concluded with convictions. In furtherence, (sic) the information in these cases lead the Dets. to obtain a positive identification of the suspect Glenda Green as one of the perpetrators of the Tango Boutique armed robbery. Said information rendered by the same reliable C.I.
The execution of the 3 search warrants resulted in the seizure of various items of female apparel, furs, jewelry, electronic equipment, narcotics and weapons. The defendant was thereafter arrested.
On appeal, the defendant argues that the search warrant was defective and therefore the evidence seized should have been suppressed. She reasons that the warrant was defective in that the information provided by the confidential informant, and contained in the affidavit, was inherently contradictory and the basis for the information was not demonstrated.
The state and federal constitutions protect persons against unreasonable searches and seizures. U.S. Const. 4th Amend.; La. Const. Art. 1, Sec. 5. A search warrant shall not issue except upon a showing of probable cause. U.S. Const. 4th Amend; La. Const. Art. 1, Sec. 5. La.C.Cr.P. Art. 162. In Illinois v. Gates, the United States Supreme Court adopted the “totality of the circumstances” test for determining whether probable cause exists for the issuance of a search warrant. 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1993). In discussing its rejection of the two prong test of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, the Court, in Gates, supra 103 S.Ct. at 2328-2330, stated:
This totality-of-the circumstances approach is far more consistent with our prior treatment of probable cause than is any rigid demand that specific “tests” be satisfied by every informant’s tip. ...
Moreover, the “two-pronged test” directs analysis into two largely independent channels-the informant’s “veracity” or “reliability” and his “basis of knowledge.” See nn. 4 and 5, supra. There are persuasive arguments against according these two elements such independent status. Instead, they are better understood as relevant considerations in the totality-of-the-circumstances analysis that traditionally has guided probable-cause determinations: a deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability. See, e.g., Adams v. Williams, supra, [407 U.S. 143] at 146-147, 92 S.Ct. [1921], at 1923-1924 [32 L.Ed.2d 612]; United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971).
If, for example, a particular informant is known for the unusual reliability of his predictions of certain types of criminal activities in a locality, his failure, in a particular case, to thoroughly set forth the basis of his knowledge surely should not serve as an absolute bar to a finding of probable cause based on his tip. See United States v. Sellers, 483 F.2d 37 (CA5 1973). Likewise, if an unquestionably honest citizen comes forward with a report of criminal activity-which if fabricated would subject him to criminal liabil *149 ity-we have found rigorous scrutiny of the basis of his knowledge unnecessary. Adams v. Williams, supra. Conversely, even if we entertain his explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed firsthand, entitles his tip to greater weight than might otherwise be the case. Unlike a totality-of-the-eircum-stances analysis, which permits a balanced assessment of the relative weights of all the various indicia of reliability (and unreliability) attending an informant’s tip, the “two-pronged test” has encouraged an excessively technical dissection of informants’ tips, with undue attention being focused on isolated issues that cannot sensibly be divorced from the other facts presented to the magistrate.
Thus, at the time of the presentation of the application for the search warrant, the magistrate must make a practical commonsense decision whether, given all the circumstances set forth in the affidavit, there is a “fair probability” that evidence of a crime will be found in a particular place. State v. Lingle, 436 So.2d 456 (La., 1983), citing Illinois v. Gates, supra. Moreover, the role of the reviewing court is to insure that the magistrate had a “substantial basis” for concluding that probable cause existed. State v. IAngle, supra. The magistrate’s determination of probable cause, prior to issuance of a search warrant, is entitled to significant deference by the reviewing court and marginal cases should be resolved in favor of finding the magistrate’s assessment to be reasonable. State v. Rodrigue, 437 So.2d 830 (La.,1983).
In this case the reliability of the informant was demonstrated in the affidavit to the search warrant. This informant, who was known by Officer Stukes for nearly a year, had twice before provided information which resulted in convictions. Additionally, his information had led to the positive identification of Glenda Green, the defendant’s accomplice in the Tango Boutique robbery.
Although the informational basis is not stated and some minor discrepancies exist regarding the compbsition of the robbery trio and the defendant’s precise role in the Tango Boutique robbery, the overall information provided by the confidential informant was reliable. That is, the informant provided detailed descriptions of the fruits of the crime, where the items were located in the defendant’s residence, the address of the defendant, and the names and addresses of other locations where fruits of the crime could be discovered.
Additionally, an independent investigation prior to the application for the search warrant, corroborated the fact that many of the items which the informant described had in fact been reported in Police Department Incident Reports as stolen. The investigation also revealed that Wilson’s Pharmaceutical Supplies had experienced systematic thefts during the time currently in question.
Therefore, considering the reliability of the informant and the overall reliability of his information as partially verified by the investigating authorities, we conclude that under the totality of circumstances test, the magistrate had a substantial basis for concluding that probable cause existed for the issuance of the search warrants. Accordingly, the trial judge correctly denied the defendant’s motion to suppress the evidence in these three cases against her.
For the reasons assigned, the defendant’s convictions and sentences are affirmed.
AFFIRMED.