508 So.2d 918 (1987)
STATE of Louisiana
v.
Milton C. RIGGINS.
No. KA-6656.
Court of Appeal of Louisiana, Fourth Circuit.
June 3, 1987.
*919 William J. Guste, Jr., Atty. Gen., William B. Faust, III, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Terry M. Boudreaux, Asst. Dist. Atty., New Orleans, for the State.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for Riggins.
Before SCHOTT, KLEES and LOBRANO, JJ.
KLEES, Judge.
The defendant, Milton Riggins, was charged on May 28,1986 with possession of stolen property valued at $500 or more, a violation of R.S. 14:69. Riggins pleaded not guilty at his arraignment on June 3, 1986. After his motion to suppress evidence and statement were denied, Riggins changed his plea to guilty as charged under the provisions of State v. Crosby. The State filed an oral multiple bill of information on July 21, 1986. The defendant admitted to the allegations in the oral bill, was found to be a multiple offender and was sentenced to three and one-third years at hard labor. The State filed a written multiple bill ten days later on July 31, 1986. Defendant appeals requesting the Court to review for errors patent.
The defendant pleaded guilty as charged under State v. Crosby, reserving his right to appeal the pre-trial ruling of the trial court. However, the defendant does not challenge this ruling but requests only a review of the record for errors patent. Subsequent to the Crosby plea however, the defendant was adjudicated a multiple offender and he did not waive his right to appeal this conviction and sentence. Therefore, this appeal is properly before this court because the defendant did not waive his right to challenge his adjudication as a multiple offender.
Reviewing the multiple bill proceedings reveals a defect. The State filed an oral multiple bill yet C.Cr.P. arts. 464 and 384, and established jurisprudence require a bill of information to be in written form. State v. Buttner, 411 So.2d 35 (La.1982); State v. Scott, 499 So.2d 1248 (La.App. 4th Cir.1986); State v. Vidrine, 476 So.2d 537 (La.App. 1st Cir.1985). The written multiple bill filed after the defendant was found to be a multiple offender does not cure this defect.
Accordingly, defendant's conviction is hereby affirmed but his sentence as a multiple offender is set aside and the case remanded for resentencing.
CONVICTION AFFIRMED; SENTENCE SET ASIDE AND REMANDED FOR RESENTENCING.