GARRISON, Judge.
On July 11, 1984, Detectives Kevin Dou-cette and Roland Mathews received a tip from a confidential informant hereafter “Cl” informing them that heroin was being dealt from the premises at 1705 North Broad Street by a man known as “Butter-man.” Butterman dealt on a daily basis and regularly replenished his stock. The officers later discovered that Walter McDaniel uses the alias of “Butterman” and that he resided at that address.
On July 11, 1984, a surveillance was conducted by the officers and several people were observed approaching the front door, conversing briefly with the occupant, exchanging money for small objects, placing these objects in their pockets and leaving. The surveillance was conducted between 9:30 and 11:30 p.m. Additionally, Officer Doucette testified at the motion to suppress hearing that he recognized Walter McDaniel as a known drug dealer.
On July 12, 1984, another surveillance was conducted and similar conduct was observed. The occupant of the car drove up, did not enter the house, quickly completed a transaction, and left. The officers then obtained a search warrant.
Upon entering, the police officers discovered Mr. McDaniel seated upon the bed with eight or nine other individuals in the room. As the police entered, the men began backing away and emptying their pockets in the center of the room. After retrieving the contraband, Officer Doucette suggested calling in the Canine Unit. Mr. McDaniel then, voluntarily stated that the other “stuff” was located in a bag in a hole located in the cement.
Walter McDaniel, hereinafter the defendant, was charged by bill of information with unlawfully possessing cocaine, a violation of R.S. 40:967.[1]
On November 2,1984, the defendant was arraigned and pled not guilty. On December 20 and 21, 1984, a hearing on a motion to suppress was conducted and the motion was thereafter denied.
On April 30, 1985, the defendant then changed his plea to guilty as charged, reserving his right to appeal under State v. Crosby, 338 So.2d 584 (La 1976). The State filed a multiple offender bill on May 2, 1985, charging the defendant as a second offender. A hearing was conducted on September 13, 1985, and the defendant was adjudged a multiple offender.
On September 13, 1985, defendant was sentenced to ten years at hard labor, with credit for time served, with no good time, and to run concurrently with the sentencing in case number 303-365.[2]
A review of the record for errors patent reveals none.
The sole assignment of error is the denial of the motion to suppress based upon alleged deficiencies in the search warrant.
C.Cr.P. art. 162 provides that a search warrant may be issued “only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing the cause for the issuance of the warrant.” The Louisiana Supreme Court has held that “probable cause” exists when:
"... the facts and circumstances within the affiant’s knowledge, and those of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that evidence or contraband may be found at the place to be searched.” State v. Duncan, 420 So.2d 1105, 1108 (La.1982).
See also State v. Scott, 499 So.2d 1248 (La.App. 4th Cir.1986). The facts which form the basis for probable cause to issue a search warrant must be contained “within the four corners” of the affidavit. Duncan; Scott; State v. Washington, 482 So. 2d 171 (La.App. 4th Cir.1986). A magistrate must be given enough information to make an independent judgment that probable cause exists for the issuance of the *1084 warrant. State v. Manso, 449 So.2d 480 (La.1984), cert. den. Manso v. Louisiana, 469 U.S. 835, 105 S.Ct. 129, 83 L.Ed.2d 70 (1984); State v. Hernandez, 513 So.2d 312 (La.App. 4th Cir.1987), writ den. 516 So.2d 130 (La.1987).
In its review of a magistrate’s finding of probable cause, the appellate court must determine whether the “totality of circumstances” set forth in the affidavit is sufficient to allow the magistrate:
"... to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the “veracity” and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband ... will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a “substantial basis for ... concluding] that probable cause existed.” Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).”
See also Manso; Hernandez, Scott.
Here, Officers Doucette and Mathews received information from a reliable Cl stating that a known drug dealer, Butterman, was dealing drugs from a certain residence. The officers also knew that Walter McDaniel resided at the address given and that he used the street name “Butterman”. The officers knew Butterman (the defendant) personally and that he had prior narcotics convictions. The officers then established a surveillance of the residence and observed several people approach the house for a brief period, exchange something with the defendant at the door, and leave without going inside. These activities may be indicative of drug dealing and the officers, thus, returned to the house the next day to continue the surveillance. As another car approached the house and the occupant got out and walked up to the front door, the officers left out of precaution so as not to be discovered by the defendant.
The defendant contends that the affidavit is deficient because it does not set forth the basis of the Cl’s knowledge. The affidavit does state that the officers had received information from this Cl in the past and that this information had proved reliable and led to arrests and convictions of narcotics violators.
In State v. Jackson, 508 So.2d 145 (La. App. 4th Cir.1987), this court reasoned that the magistrate had substantial basis for concluding that probable cause existed for the issuance of the search warrant, despite the lack of informational basis in the affidavit. This court concluded that the Cl had given reliable information in the past, provided detailed information regarding the crime in question, and the police verified some of the information. Under the “totality of the circumstances” the magistrate properly signed the search warrant. This court also maintained the position that a magistrate’s decision should be given significant deference and in marginal cases, it should control. Citing State v. Rodrigue, 437 So.2d 830 (La.1983).
As noted by this court in Hernandez, above, discussing Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983):
“... while an informant’s ‘veracity,’ ‘reliability,’ and ‘basis of knowledge’ are all highly relevant in determining the value of his information, these elements should not be understood as entirely separate and independent requirements to be rigidly exacted in every case. Rather, ... they should be understood simply as closely intertwined issues that may usefully illuminate the commonsense, practical questio whether there is ‘probable cause’ to believe that contraband or evidence is located in a particular place.” Id. at 103 S.Ct. 2328 in Hernandez, at 316.
Thus, it appears that the magistrate had a substantial basis for signing the search warrant. The Cl was well known to the officers and the information was substantially corroborated. This assignment of error lacks merit.
For the reasons discussed, defendant’s conviction and sentence are affirmed.
AFFIRMED.

. In a related case, the defendant was found guilty of attempted possession with the intent to distribute heroin, case number 303-365. He was found guilty by a jury on April 17, 1985.

. In case number 303-365, the defendant was sentenced to sixteen years and eight months at hard labor, with credit for time served, and no good time. This sentence is to run concurrently with the sentencing in case number 303-457.