CIACCIO, Judge.
Although the trial court has ruled on the relator’s application for post conviction relief thus rendering this application for writ of mandamus moot, we nonetheless will consider relator’s claims for post conviction relief for reasons of judicial economy.
Relator first claims that his plea to the charge of simple burglary was induced by a plea bargain which was not kept. He claims that he was informed by his attorney that his sentence would not be enhanced from the six years agreed upon despite the multiple bill. Relator claims that he understood this to mean he would still get good time. The length of relator’s sentence was not enhanced on the multiple bill but relator’s sentence was made subject to the provisions of La.R.S. 15:529.1 which denies good time. It is apparent from the record that relator understood he would be multiple billed prior to entry of his original plea and there is no reason to believe that relator did not understand his plea. This court finds no error in the judgment of the trial court as to the denial of relator’s claim that his guilty plea to the instant offense is invalid.
Relator next claims that his multiple bill adjudication is invalid.
Relator pled guilty to an oral multiple bill on February 26, 1987 and was sentenced under the bill to serve 6 years in *1346 the Department of Corrections with credit for time served. The state filed a written multiple bill on March 6, 1987. A defendant cannot plead guilty to and be sentenced on an oral multiple bill of information. State v. Riggins, 508 So.2d 918 (La.App., 4th Cir., 1987). As the defendant was not properly charged as a multiple offender, his adjudication and sentence as a multiple offender is invalid and must be vacated. State v. Scott, 499 So.2d 1248 (La.App., 4th Cir., 1986).
Accordingly, relator’s sentence under the oral multiple bill is vacated and his original sentence on his guilty plea is reinstated.
This matter is remanded to the trial court for such further action on the written multiple bill filed on March 6, 1987 as is consistent with this order.
MULTIPLE OFFENDER SENTENCE VACATED; CASE REMANDED.