BARRY, Judge.
The defendant was charged with possession of cocaine, La.R.S. 40:967. Motions to suppress the evidence, the defendant’s confession and identification were denied and she pleaded guilty reserving her right to appeal under State v. Crosby, 338 So.2d 584 (La.1976).[1] She was sentenced to five years at hard labor. The sentence was suspended and she was placed on five years active probation subject to her entry into a drug rehabilitation clinic for at least eighteen months with a monthly report to the court. The defendant was assessed $200 for the Indigent Transcript Fund.
The defendant assigns three errors: (1) denial of her motion to suppress evidence which was seized based on an invalid warrant; (2) and (3) denial of motions to suppress her statement and identification which were fruits of the warrant.
FACTS
At the motion to suppress hearing, Officer Tyrone Martin testified that prior to May 10, 1988 he had information that Dawn Steele was involved in criminal activity.[2] Officer Martin stated that he accom *213 panied his confidential informant when the informant made a drug purchase at 4830 Flake St. The date, according to Officer Martin’s affidavit, was May 9, 1988. Officer Martin observed Dawn Steele and Isaac Hill outside that address and watched Hill make the sale to the confidential informant.
On May 9, 1988 Officer Martin prepared a search warrant for Dawn Steele’s residence at 4830 Flake Street. The affidavit for the warrant relates the following:
On 5-9-88 Detective Martin along with his C.I. arrived at 4830 Flake St where the C.I. purchased a small amount of crack cocaine. Officer Martin watched the C.I. purchase about 20.00 of cocaine (crack) from a subject only known to him as Tony. While at that location Officer Martin observed the subject Tony sell what appeared to be crack to another subject in a small brown car.
Detectives had received numerous calls in the Seventh District Station about subjects selling cocaine in the 4800 block of Flake St, and in the 4700 block of Flake St. The crack cocaine that the C.I. purchased from 4830 Flake St was placed on the books at Central Evidence under Control # B-030777.
Officer Martin executed the warrant on May 10, 1988. At the hearing he testified that he found packets of cocaine residue and three marijuana cigarettes in a bedroom of 4830 Flake St. A black female identified as Dawn Steele was present and was given her rights. She told Officer Martin to look under the mattress where he found marijuana in an envelope. She was arrested for possession of cocaine. Officer Martin identified Dawn Steele, the defendant, at the hearing.
THE LAW
A search warrant may issue only upon an affidavit establishing probable cause to the satisfaction of a neutral magistrate. La. Const. Art. I, § 5; La.C.Cr.P. Art. 162. Probable cause exists when the facts and circumstances within the affiant’s knowledge and those of which he/she has reasonably trustworthy information are sufficient to support a reasonable belief that evidence or contraband may be found at the place to be searched. The facts establishing probable cause must be within the four comers of the affidavit. State v. Roebuck, 530 So.2d 1242 (La.App. 4th Cir.1988), writs denied 531 So.2d 764 (La.1988); State v. Duncan, 420 So.2d 1105 (La.1982). However, when there are inadvertent material omissions, the court will look to outside evidence to support or destroy a probable cause finding. State v. Morris, 444 So.2d 1200 (La.1984).
Determining probable cause for the issuance of a search warrant does not involve certainties or proof beyond a reasonable doubt, but rather involves probabilities of human behavior as understood by trained law enforcement persons and based on the totality of the circumstances. State v. Rodrigue, 437 So.2d 830 (La.1983).
The issuing magistrate is to make a common sense decision whether under all the circumstances set forth in the affidavit, including the veracity, reliability and basis of knowledge of the informant, that there is a fair probability that the contraband will be found in the particular place. State v. Hernandez, 513 So.2d 312 (La.App. 4th Cir.1987), writ denied 516 So.2d 130 (La. 1987); State v. Scott, 499 So.2d 1248 (La. App. 4th Cir.1986).
The duty of the reviewing court is to insure that the issuing judge had a substantial basis for concluding that probable cause existed. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); State v. Manso, 449 So.2d 480 (La.1984), cert. denied 469 U.S. 835, 105 S.Ct. 129, 83 L.Ed.2d 70 (1984). After-the-fact scrutiny of the sufficiency of an affidavit should not be a de novo review. Massachusetts v. Upton, 466 U.S. 727, 104 S.Ct. 2085, 80 L.Ed.2d 721 (1984); Illinois v. Gates, supra.
*214 A search warrant should be tested in a common sense manner without technical requirements of specificity. Doubtful or marginal cases should be resolved in favor of a warrant. State v. Huffman, 419 So.2d 458 (La.1982).
ASSIGNMENT NO. 1
The defendant argues that the warrant lacks sufficient facts. She contends the affidavit did not show a connection between the alleged drug sales and the house, or establish evidence of criminal activity in the house. The defendant points out that the affidavit was written in the past tense.
The affidavit clearly states that the confidential informant purchased cocaine at 4830 Flake Street. Officer Martin observed that sale and what appeared to be another drug sale at that address. The connection to the house was clear. The affidavit contained the date of the confidential informant’s drug buy. The case cited by the defendant, State v. Wood, 457 So.2d 206 (La.App. 2d Cir.1984), where the use of past tense was an inconsequential part of the affidavit’s overall deficiency, is irrelevant. This argument lacks merit.
The defendant argues that the affidavit fails to establish probable cause under the totality of the circumstances test in Illinois v. Gates, supra. However, the informant’s veracity, reliability and basis of knowledge are not at issue because the affidavit related only what Officer Martin observed on May 9, 1988. The tip was not mentioned. The search warrant was not based on information provided by the confidential informant, but on Officer Martin’s observations. This argument lacks merit.
The defendant also claims the magistrate did not have sufficient information to determine probable cause. The defendant again questions the drug connexity with the house. As a reviewing court we only determine whether the issuing magistrate had a substantial basis to conclude that probable cause existed. The affidavit noted the officer’s observation of two drug deals at the house to be searched. The magistrate had sufficient facts to conclude there was probable cause to search the house. Marginal cases should be resolved in favor of finding the magistrate’s decision reasonable.
Even if there was a question as to whether the warrant should have been issued, the evidence would not have been ipso facto excluded. If an officer obtains and abides by the terms of the warrant, suppression is appropriate in four instances: (1) where the issuing judge was misled by information in an affidavit that the affi-ant knew was false or would have known was false except for reckless disregard of the truth; (2) where the judge issuing the warrant wholly abandoned his detached and neutral judicial role; (3) where an affidavit is so lacking in indicia of probable cause as to render belief in its existence entirely unreasonable; (4) where the warrant is so facially deficient the executing officers cannot reasonably presume it to be valid. United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984); State v. Scott, supra. None of those instances are present.
This assignment lacks merit.
ASSIGNMENTS NOS. 2 AND 3
The defendant argues that her statement and identification should have been suppressed because they were obtained as a result of the police officer’s unlawful entry into her house. The defendant claims the information was the fruit of the poisonous tree. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1971).
The search warrant was valid, hence, these arguments have no merit.
We have reviewed the record for errors patent and there are none.
The conviction and sentence are affirmed.
AFFIRMED.

. Steele was charged with Isaac Hill who pleaded guilty.

. Officer Martin’s police report contains a lengthy narrative which covers the specific details of the cocaine purchase at 4830 Flake St. on May 9, 1988. The officer watched the informant walk up to Tony (later identified as Isaac Hill), who was sitting on the front porch, and give him money. Tony went inside, returned with a small packet and gave it to the infor *213 mant. Officer Martin heard a black female known as Michelle (later identified as Dawn Steele) warn Tony not to sell to the informant whom she suspected to be a policeman. Officer Martin heard the informant deny the allegation. Although the report is in the appellate record, it is not clear whether it was admitted at the motion to suppress hearing.