liKLIEBERT, Chief Judge.
On February 3, 1993, the Jefferson Parish District Attorney filed a bill of information charging the defendant, Bryan Fullilove, with simple burglary, in violation of La.R.S. 14:62. At his arraignment on February 8, 1993, the defendant pled not guilty. Prior to trial, on November 2, 1993, the defendant withdrew his plea of not guilty and tendered a plea of guilty. Following a colloquy with the defendant, the trial court accepted his plea. The defendant waived sentencing delays and the court sentenced him to twelve years imprisonment at hard labor with credit for time served. At that time, after being fully advised of his rights, the defendant admitted to three prior felony convictions. The trial court vacated the defendant’s twelve year sentence for simple burglary and sentenced the defendant, as a multiple offender, to thirty years imprisonment at hard labor without probation or suspension of sentence, with *1042 credit for time served. Thereafter, on November 29,1993, the defendant filed a motion to reconsider sentence which was denied by the trial court. The defendant subsequently filed a timely motion for appeal.
As the defendant pled guilty to the charge of simple burglary, there is no trial transcript. Nevertheless, the defendant’s plea form and colloquy with the trial court reveal that the defendant 12broke into a shed, adjacent to a house located at 2116 Kansas Street in Kenner, and stole a flashlight and a pair of gloves.
Defendant contends the trial court erred in sentencing appellant as an habitual offender in the absence of a multiple offender bill of information.
By this assignment of error, the defendant challenges his sentencing as a habitual offender. He contends that the lack of a written multiple offender bill of information in this case requires that his enhanced sentence be vacated.
The record reveals that prior to his guilty plea on the simple burglary charge, the defendant read, understood and executed a form acknowledging his constitutional rights and waiving those rights upon entry of his guilty plea. The defendant’s plea agreement with the state, as discussed in the colloquy between the court and the defendant, included an agreed upon sentence of twelve years at hard labor on the charge of simple burglary and an enhanced sentence of thirty years at hard labor, based upon a multiple billing. Following its acceptance of the defendant’s guilty plea on the simple burglary charge, the trial court sentenced the defendant according to the stipulated sentence. At that time, the defendant indicated his intention to admit three previous felony convictions.
For each of the three previous felony convictions, the trial court advised the defendant that he had a right to a hearing; the right to remain silent; the rights accorded to him under the Fifth Amendment to the United States Constitution; and, the right to counsel.[1] The defendant admitted to each previous conviction, whereupon the court vacated the twelve year sentence for simple burglary and imposed the agreed upon enhanced sentence of thirty years at hard labor in accordance with La.R.S. 15:529.1.
The Habitual Offender Law, as set forth at La.R.S. 15:529.1, provides in part:
I a Any person who, after having been convicted within this state of a felony ... thereafter commits any subsequent felony, shall be punished as follows:
If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then ... The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life;
If, at any time, either after conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted of a felony under the laws of this state ... the district attorney of the parish in which subsequent conviction was had may file an information accusing the person of a previous conviction. Whereupon the court in which the subsequent conviction was had shall cause the person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true.
Following a contradictory hearing, the court shall find that the defendant is ... A fourth offender, upon proof of three or more prior felony convictions.
When the judge finds that he has been convicted of a prior felony or felonies, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted, the court shall sentence him to the punishment prescribed in this Section, and shall vacate *1043 the previous sentence if already imposed, deducting from the new sentence the time actually served under the sentence so vacated. The court shall provide written reasons for its determination. Either party may seek review of an adverse ruling. Any sentence imposed under the provisions of this Section shall be without benefit of probation or suspension of sentence.
Consistent with the plea agreement, the defendant pled guilty to simple burglary, admitted the three previous felony convictions, and was sentenced as agreed upon by the parties. La.C.Cr.P. art. 881.2 provides that “[t]he defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.” Moreover, in accordance with this Court’s holding in State v. Washington, 568 So.2d 530 (La.App. 5th Cir.1990), the defendant was advised of his rights for the multiple billing. Nevertheless, this Court has held that in the absence of a multiple offender bill of information, formally charging a defendant, prior convictions cannot be used to enhance a sentence. State v. Uqdah, 613 So.2d 1113 (La.App. 5th 4Cir.l993). Although, in Uqdah, the defendant did not enter a guilty plea and did not admit the predicate felony convictions, as is the case here, the Fourth Circuit has held that a defendant cannot plead guilty to and be sentenced on an oral multiple bill of information. State v. Riggins, 508 So.2d 918 (La.App. 4th Cir.1987); State v. Sutton, 544 So.2d 1345 (La.App. 4th Cir.1989).
Since the record discloses and the state concedes that a written multiple offender bill of information was not filed in this case, the defendant’s sentence cannot be enhanced based on the three previous felony convictions. Therefore, we vacate the defendant’s sentence and remand for resentencing in accordance with law and the above stated reasons.

SENTENCE VACATED; REMANDED FOR RESENTENCING.

. The defendant's criminal record includes two convictions for simple burglary, in violation of La.R.S. 14:62, and one conviction for the illegal possession of stolen property valued at $500.00 or more, in violation of La.R.S. 14:69.