STATE OF LOUISIANA

VERSUS

MARK PRIEST

NO. 20-KA-72

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 16-4724, DIVISION "D"
HONORABLE SCOTT U. SCHLEGEL, JUDGE PRESIDING


September 09, 2020


**ROBERT A. CHAISSON**
**JUDGE**


Panel composed of Judges Marc E. Johnson,
Robert A. Chaisson, and John J. Molaison, Jr.


<u>**MULTIPLE OFFENDER ADJUDICATION AND SENTENCE VACATED;**</u>
<u>**SENTENCE ON REMAND REINSTATED**</u>
    **RAC**
    **MEJ**
    **JJM**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
    Honorable Paul D. Connick, Jr.
    Thomas J. Butler
    Anne M. Wallis
    Zachary P. Popovich

COUNSEL FOR DEFENDANT/APPELLANT,
MARK PRIEST
    Cynthia K. Meyer

DEFENDANT/APPELLANT,
MARK PRIEST
    In Proper Person

**CHAISSON, J.**

In this appeal, defendant, Mark Priest, challenges his adjudication and sentence as a second felony offender. For the reasons that follow, we find merit to defendant's argument that the trial court erred in adjudicating him a second felony offender, and accordingly, we vacate his multiple offender adjudication and sentence and reinstate the sentence of twenty years imposed on defendant pursuant to this Court's previous remand.

## PROCEDURAL HISTORY

On May 15, 2018, following a bench trial, defendant was found guilty of possession of over four hundred grams of methamphetamine, in violation of La. R.S. 40:967(F). On May 24, 2018, defendant was sentenced to thirty years imprisonment at hard labor and ordered to pay a fine of $250,000. Defendant thereafter appealed. On February 6, 2019, this Court affirmed defendant's conviction, vacated his thirty-year sentence as unconstitutionally excessive, and remanded the matter for resentencing, suggesting to the trial court that it impose a sentence of twenty years imprisonment. *State v. Priest*, 18-518 (La. App. 5 Cir. 2/6/19), 265 So.3d 993, *writ denied*, 19-418 (La. 5/20/19), 271 So.3d 201.

On March 11, 2019, pursuant to this Court's remand, the trial court resentenced defendant to twenty years imprisonment at hard labor without benefit of probation or suspension of sentence and ordered defendant to pay a fine of $250,000. On December 12, 2019, despite the fact that a multiple offender bill of information had not been filed, the trial court conducted a multiple offender hearing and adjudicated defendant a second felony offender. In accordance with that finding, the trial court vacated defendant's sentence of twenty years and resentenced defendant as a multiple offender to thirty years imprisonment at hard labor without benefit of probation or suspension of sentence and also imposed a

fine of $250,000.  Defendant now appeals his multiple offender adjudication and sentence.

## DISCUSSION

On appeal, defendant raises two assignments of error.  First, he contends that the trial court erred in adjudicating him a second felony offender on December 12, 2019, when the record indicates that a multiple offender bill of information was not filed until January 24, 2020.  Second, defendant asserts that the imposed sentence of thirty years is excessive.

We first turn our attention to defendant's argument that the trial court erred in adjudicating him a second felony offender prior to the filing of the multiple offender bill of information.  Defendant specifically asserts that the State's failure to initiate the multiple offender proceedings by the filing of a formal multiple bill deprived him of his fundamental right to notice as to which prior offense was being used to allege he was a multiple offender and of his right to file written objections to the multiple offender bill of information.  In light of this failure to properly initiate the multiple offender proceedings, defendant argues that his adjudication as a second felony offender should be declared void and be vacated.  We agree.

In the present case, it is undisputed that the trial court conducted a hearing and adjudicated defendant a second felony offender on December 12, 2019, and that the multiple offender bill of information was not filed until January 24, 2020, approximately six weeks after defendant was found to be a second felony offender. The State's admitted failure to initiate the multiple offender proceedings by a formal bill of information renders defendant's adjudication and sentence as a multiple offender invalid.

In *State v. Sutton*, 544 So.2d 1345 (La. App. 4th Cir. 1989), the Fourth Circuit was presented with a situation similar to the one herein.  In that case, the defendant pled guilty to an oral multiple offender bill of information and was

sentenced as a multiple offender. Subsequent to the defendant's sentencing as a multiple offender, the State filed a written multiple offender bill of information. The Fourth Circuit, after noting that a defendant cannot plead guilty to and be sentenced on an oral multiple offender bill of information, vacated defendant's multiple offender adjudication and sentence.

Likewise, this Court has vacated multiple offender proceedings that were not initiated by a formal multiple offender bill of information. In *State v. Uqdah*, 613 So.2d 1113 (La. App. 5th Cir. 1993), this Court held that a multiple offender adjudication that was not initiated by a formal multiple offender bill was void. In so ruling, this Court stated:

> A habitual offender bill of information does not charge a new crime but is only a method of increasing the punishment of second and subsequent felony offenses. In order to sentence defendant as a multiple offender under the Habitual Offender Law, it is essential that former convictions be formally charged. Since there is no multiple offender bill of information, the prior conviction cannot be used to enhance the sentence for the present conviction.

In *State v. Fullilove*, 94-326 (La. App. 5 Cir. 11/16/94), 646 So.2d 1041, 1043, this Court reached a similar result. In that case, the defendant pled guilty to simple burglary, admitted three previous felony convictions, and was sentenced as a multiple offender as agreed upon by the parties. In vacating the defendant's sentence and remanding the matter for resentencing, this Court stated, "Since the record discloses and the state concedes that a written multiple offender bill of information was not filed in this case, the defendant's sentence cannot be enhanced based on the three previous felony convictions."

In the present case, defendant was not properly charged as a multiple offender, and accordingly, his multiple offender adjudication and sentence must be vacated. In light of this determination, we find it unnecessary to address defendant's second assignment of error relating to the excessiveness of his sentence.

## DECREE

Accordingly, for the reasons set forth herein, we vacate defendant's adjudication as a second felony offender and the sentence imposed pursuant thereto, and we reinstate the sentence of twenty years imposed on defendant on March 11, 2019, pursuant to this Court's previous remand.

**MULTIPLE OFFENDER ADJUDICATION AND SENTENCE VACATED; SENTENCE ON REMAND REINSTATED**



SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

FIFTH CIRCUIT
101 DERBIGNY STREET (70053)
POST OFFICE BOX 489
GRETNA, LOUISIANA 70054
www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**SEPTEMBER 9, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

CURTIS B. PURSELL
CLERK OF COURT

## 20-KA-72

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HON. SCOTT U. SCHLEGEL (DISTRICT JUDGE)
ANNE M. WALLIS (APPELLEE)

THOMAS J. BUTLER (APPELLEE)

CYNTHIA K. MEYER (APPELLANT)

**MAILED**
MARK PRIEST #733459 (APPELLANT)
RAYMOND LABORDE CORRECTIONAL
CENTER
1630 PRISON ROAD
COTTONPORT, LA 71327

HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
ZACHARY P. POPOVICH (APPELLEE)
ASSISTANT DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053