675 So.2d 268 (1996)
STATE of Louisiana
v.
Hymel VARNADO.
No. 95-KK-3127.
Supreme Court of Louisiana.
May 31, 1996.
*269 Richard P. Ieyoub, Attorney General, Harry F. Connick, District Attorney, Paulette M. Holahan, Gregory G. Hangartner, New Orleans, for Applicant.
Bruce G. Whittaker, New Orleans, for Respondent.
PER CURIAM:[*]
We granted the state's writ application to consider whether, as the district court found, the failure of the search warrant for the defendant's home to state any nexus between the items sought and the targeted premises requires suppression of the evidence seized in the subsequent search. Under the particular circumstances of this case, we conclude that the police were entitled to rely in good faith on the warrant issued by the magistrate and that suppression of the evidence is not warranted. Massachusetts v. Sheppard, 468 U.S. 981, 104 S.Ct. 3424, 82 L.Ed.2d 737 (1984); United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).
The police acquired probable cause to arrest the defendant on August 4, 1995, when one of the victims in a series of similar rapes and robberies identified his picture in a photographic lineup. Detective Dennis Dejean immediately sought an arrest warrant for the defendant. Magistrate Andrew Sciambra signed the warrant that afternoon. Defendant's arrest at the home of his girlfriend on Chase Street in New Orleans followed at approximately 6:00 p.m. According to the state's uncontested version of the subsequent events, at the time of his arrest the defendant stated that he lived at 2220 Delery Street. The officers immediately proceeded to that location, where defendant's father permitted them to enter. The officers decided to obtain a warrant before searching the premises for evidence linking the defendant to the unsolved crimes. Detective Dejean returned to Magistrate Sciambra at approximately 8:00 p.m. that night and obtained his signature on a warrant authorizing the search of 2220 Delery Street. The warrant did not rely exclusively on the municipal number provided by the defendant but further described the premises as a fenced, white stucco camel-back residence with pea green trim. The application set forth the details of the rape and robbery committed on July 30, 1995, and the victim's subsequent photographic identification of the defendant as her assailant. The application also identified several items connected with the offense, but did not provide any specific factual basis linking those items to the Delery street address. The application also failed to state that 2220 Delery Street was the defendant's residence.
Probable cause to arrest does not necessarily provide probable cause to search. United States v. Savoca, 761 F.2d 292, 297 (6th Cir.1985). "The critical element in a reasonable search is not that the owner of the property is suspected of crime but that there is reasonable cause to believe that the specific `things' to be searched for and seized *270 are located on the property to which entry is sought." Zurcher v. Stanford Daily, 436 U.S. 547, 556, 98 S.Ct. 1970, 1976-77, 56 L.Ed.2d 525 (1978) (footnote omitted); State v. Normand, 380 So.2d 1207, 1209 n. 2 (La. 1980) (a search warrant must establish a "probable continuing nexus between the place sought to be searched and the property sought to be seized.") (citing State v. Weinberg, 364 So.2d 964 (La.1978)). In many cases, the nature of the crime may make it appropriate to assume that the fruits and instrumentalities of the offense are probably stored in the suspect's residence. See State v. Poree, 406 So.2d 546, 547-48 (La.1981) ("The items soughta handgun, clothing, money, and a money bagare objects which one might expect to find at a person's residence."); State v. Guidry, 388 So.2d 797, 800 n. 1 (La.1980) ("Although the property in this case could have been stored elsewhere, it was reasonable to assume that the normal place a criminal dealing in stolen jewelry would keep such items [is] at his house."); see also 2 Wayne L. LaFave, Search and Seizure, § 3.7(d) at 384 (3d ed. 1996) ("Where the object of the search is a weapon used in the crime or clothing worn at the time of the crime, the inference that items are at the offender's residence is especially compelling....") The police therefore had probable cause in this case to search the defendant's residence but made a critical omission in the warrant application by failing to identify the targeted premises as the defendant's residence.
Nevertheless, the exclusionary rule "is designed to deter police misconduct rather than to punish the errors of judges and magistrates." Leon, 468 U.S. at 916, 104 S.Ct. at 3417. Its application therefore "must be carefully limited to the circumstances in which it will pay its way by deterring official []lawlessness." Id., 468 U.S. at 907 n. 6, 104 S.Ct. at 3412 (quoting Illinois v. Gates, 462 U.S. 213, 257-58, 103 S.Ct. 2317, 2342, 76 L.Ed.2d 527 (1983)) (White, J. concurring in the judgment). As a general rule, "an officer cannot be expected to question the magistrate's probable-cause determination or his judgment that the form of the warrant is technically sufficient." Leon, 468 U.S. at 921, 104 S.Ct. at 3419. Accordingly, "suppression of evidence obtained pursuant to a warrant should be ordered only on a case-by-case basis and only in those unusual cases in which exclusion will further the purposes of the exclusionary rule." Id., 468 U.S. at 918, 104 S.Ct. at 3418 (footnote omitted).
Leon's good faith rule presupposes that the police "have a reasonable knowledge of what the law prohibits." Id., 468 U.S. at 919 n. 20, 104 S.Ct. at 3419. We need not, however, decide here as a general matter whether a search warrant which fails to provide any nexus between the items sought and the targeted premises is so lacking in the indicia of probable cause that any "reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." Id., 468 U.S. at 922 n. 23, 104 S.Ct. at 3420.
The reasonableness inquiry under Leon is an objective one which turns on the totality of the circumstances surrounding the issuance of the warrant. Id., 468 U.S. at 922 n. 23, 104 S.Ct. at 3420 n. 23. Those circumstances include the overall familiarity of the officer applying for the warrant with the investigation and the degree to which he has participated in the events leading to the search. See Massachusetts v. Sheppard, 468 U.S. at 989 n. 6, 104 S.Ct. at 3428 n. 6 ("In this case, Detective O'Malley, the officer who directed the search, knew what items were listed in the affidavit [he] presented to the judge.... Whether an officer who is less familiar with the warrant application or who has unalleviated concerns about the proper scope of the search would be justified in failing to notice [the] defect ... in the warrant in this case is an issue we need not decide.")
Under the particular circumstances of this case, application of the exclusionary rule would serve no remedial purpose. At every major turn in the rapidly unfolding investigation, Detective Dejean secured judicial oversight before acting. The detective first sought and obtained an arrest warrant from Magistrate Sciambra, although he could have arrested the defendant without one. La. C.Cr.P. art. 213. He then deferred to the *271 "strong[] ... preference to be accorded searches under a warrant," United States v. Ventresca, 380 U.S. 102, 106, 85 S.Ct. 741, 744, 13 L.Ed.2d 684 (1965), by returning shortly thereafter to secure a search warrant from Magistrate Sciambra, although the police had already obtained the permission of the defendant's father to enter the home on Delery street and arguably did not need judicial sanction for the subsequent search. Illinois v. Rodriguez, 497 U.S. 177, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990). The affidavit submitted by the detective otherwise established probable cause to link the defendant to at least one of a number of similar crimes. The officer had no apparent purpose for omitting the information linking the defendant to the residence and almost certainly informed the magistrate of the status of the investigation. See State v. Barrilleaux, 620 So.2d 1317, 1322 (La.1993) (information excluded in good faith from warrant affidavit but otherwise disclosed to the issuing magistrate may bolster the affidavit's probable cause showing). Even assuming that he did not, and that a police officer completely dissociated from the investigation might reasonably have some "unalleviated" concerns about the warrant, we believe that any officer in Dejean's position either would not have noticed the defect or would not have failed to correct it immediately if the magistrate had brought the error to his attention.
Accordingly, the judgment of the district court granting the motion to suppress is vacated and this case is remanded for all further proceedings not inconsistent with this opinion.
JUDGMENT VACATED; CASE REMANDED.
NOTES
[*] Bleich, J., not on panel. See Rule IV, Part 2, § 3.