731 So.2d 1026 (1999)
STATE of Louisiana
v.
Michael HOFFPAUIR.
No. 99-K-0128.
Court of Appeal of Louisiana, Fourth Circuit.
April 7, 1999.
Harry F. Connick, District Attorney, Jane Beebe, Assistant District Attorney, Orleans Parish, New Orleans, Counsel for Plaintiff-Relator.
Court composed of Judge JOAN BERNARD ARMSTRONG, Judge MIRIAM G. WALTZER and Judge DENNIS R. BAGNERIS, Sr.
ARMSTRONG, Judge.
We grant the State's application for supervisory writs to consider the correctness of the trial court's ruling granting the defendant's motion to suppress the evidence.

STATEMENT OF THE CASE
On April 22, 1998, the defendant was charged with one count of possession of methamphetamine in violation of La. R.S. 40:967. At his arraignment on May 7th he *1027 pled not guilty. Motions were heard on July 31, 1998, and at the conclusion of this hearing the court found probable cause to hold the defendant and denied his motion to suppress the statement. The court took the motion to suppress the evidence under advisement. On December 18, 1998, the court granted the motion to suppress the evidence. The State now comes before this court seeking relief from this ruling.[1]

FACTS
The evidence in this case was seized pursuant to two search warrants, and the following facts are taken from the applications for these warrants. The application for the first warrant issued in this case stated that on November 11, 1997, a police officer and his drug detector dog were routinely inspecting packages which had arrived at the U.P.S. office in eastern New Orleans. The affidavit indicated the dog team to which the dog belonged was certified in the detection of marijuana, cocaine, and heroin. The affidavit stated the dog "alerted" on a certain parcel, which to the officer indicated the presence of contraband. The package was addressed to George Anderson at 809 St. Ferdinand Street in New Orleans. Given these circumstances, a magistrate issued a warrant to search the package at the U.P.S. facility.
The officer opened the package and found inside a large brown paper bag, inside of which was a Crystal Light powdered drink can. Inside that was a zip-lock bag which contained coffee beans and a smaller zip-lock bag containing several pieces of white crystal rock-like substances. A sample of the crystal substances revealed a positive reaction for methamphetamine (crystal meth). The package was then resealed.
Based upon these factors, the officers obtained a warrant to search 809 St. Ferdinand Street. The motion hearing transcript indicates the officers made a controlled delivery of the package to 809 St. Ferdinand Street to George Anderson, the resident of that address. Anderson told the officers that the package was not meant for him and that he had agreed to accept the package for the defendant Michael Hoffpauir. Anderson gave the officers Hoffpauir's address and described the two vehicles Hoffpauir drove. Anderson agreed to call Hoffpauir and inform him the package had arrived. In response to Anderson's call, Hoffpauir went to Anderson's house and then exited, carrying the package. The officers stopped him, advised him he was under investigation for possession of methamphetamine, and advised him of his rights. The officer testified Hoffpauir indicated Anderson did not know the contents of the package, even though Anderson had agreed to receive the package for Hoffpauir.

DISCUSSION
The State indicates the trial court suppressed the evidence seized in this case because it found the officer had made misrepresentations in the affidavit for the warrant to search the residence. The State cites to a date discrepancy in the warrant for the residence. However, a close reading of the December 18, 1998 transcript indicates that the court had no problem with the warrant to search the residence. Instead, the trial court suppressed the evidence because the affidavit to search the package indicated the drug dog was certified in the detection of marijuana, cocaine, and heroin, and here the dog "alerted" on a substance which was found to be methamphetamine. The court found that because the affidavit did not state that the dog was certified in the detection of methamphetamine, there was a "misrepresentation" in the warrant which rendered it invalid.
In State v. Page, 95-2401, p. 12 (La.App. 4 Cir. 8/21/96), 680 So.2d 700, 709-710[2] *1028 this court noted the standard for determining probable cause to support the issuance of a search warrant:
Louisiana Code of Criminal Procedure Article 162 provides that a search warrant may be issued "only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing the cause for the issuance of the warrant." In State v. Duncan, 420 So.2d 1105, 1108 (La.1982) our Supreme Court held that probable cause exists when:
the facts and circumstances within the affiant's knowledge, and those of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that evidence or contraband may be found at the place to be searched. (citations omitted) See also, State v. Roebuck, 530 So.2d 1242 (La.App. 4th Cir.1988), writ den. 531 So.2d 764 (La.1988).
The facts which form the basis for probable cause to issue a search warrant must be contained "within the four corners" of the affidavit. Duncan, supra at 1108. A magistrate must be given enough information to make an independent judgment that probable cause exists for the issuance of the warrant. State v. Manso, 449 So.2d 480, 482 (La. 1984), cert. denied, Manso v. Louisiana, 469 U.S. 835, 105 S.Ct. 129, 83 L.Ed.2d 70 (1984). The reviewing Court must determine whether the "totality of circumstances" set forth in the affidavit is sufficient to allow the magistrate to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him that there is a reasonable probability that contraband will be found. The duty of the reviewing court is simply to ensure that the magistrate had a "substantial basis" for concluding that probable cause existed. Manso, supra at 482.
See also State v. Bradford, 98-1428 (La. App. 4 Cir. 12/9/98), 729 So.2d 1049.
In the instant case, the affidavit as it was written sets forth sufficient probable cause for the issuance of the warrant to search the package. The officer and his dog were routinely inspecting the packages at the U.P.S. facility when the dog "alerted" on this particular package, indicating the presence of controlled dangerous substances. The use of a canine to detect contraband is not a "seizure" for Fourth Amendment purposes. See State v. Addison, 94-2431 (La.App. 4 Cir. 11/30/95), 665 So.2d 1224; State v. Bruser, 95-0907 (La.App. 4 Cir. 9/15/95), 661 So.2d 152. Once the dog "alerted" on the package, there was probable cause to believe it contained contraband.
The court suppressed the evidence, however, because it found there was a misrepresentation in the search warrant for the package because the affidavit did not state if the dog was certified in the detection of methamphetamine. In State v. Page, 95-2401 pp. 13-14, 680 So.2d at 710, this court discussed intentional misrepresentations in a warrant:
In State v. Rey, 351 So.2d 489, 491-492 (La.1977), the Louisiana Supreme Court addressed the approach to be taken when reviewing an application for a search warrant based on a complaint of intentional misrepresentations or inaccurate statements. The Court stated:
Because the invasion of home and privacy cannot be justified by misrepresentations, and in order to insure that the magistrate, and not the affiant, determines probable cause, this court has recognized on numerous occasions the defendant's right to traverse the allegations made by the affiant. [Citations omitted]. We have held that minor inaccuracies in the affidavit may not affect the validity of the search warrant (e.g. State v. Thomas, 329 So.2d 704 (La.1976); State v. *1029 Chaffin, 324 So.2d 369 (La.1976)[, cert. denied, Chaffin v. Louisiana, 426 U.S. 907, 96 S.Ct. 2228, 48 L.Ed.2d 832 (1976) ]).
The Fifth Circuit Court of Appeals was faced with this problem in U.S. v. Thomas, 489 F.2d 664 (5th Cir.1973), cert. denied, 423 U.S. 844, 96 S.Ct. 79, 46 L.Ed.2d 64 (1975). That court noted that when faced with an affidavit containing inaccurate statements the preferred approach is to excise the inaccurate statements and then examine the residue to determine if it supports a finding of probable cause. If, however, the misrepresentations were intentionally made, a different result is required. Because these distorted statements constitute a fraud upon the courts and represent impermissible overreaching by the government, a warrant based on an affidavit containing intentional misrepresentations must be quashed.
We are in agreement with the approach described by the Fifth Circuit and adopt it as our own.
In this context, "intentional" means a deliberate act designed to deceive the issuing magistrate. State v. Lamartiniere, 362 So.2d 526, 529, note 2 (La.1978).
In the present case, there is no indication that the trial court found the "misrepresentation" was intentional. In any event, it does not appear the affidavit contained any "misrepresentation". At the time the officer applied for the warrant to open the package, he had no way of knowing what kind of contraband was inside the package. All he knew was that the drug dog, which had been trained to detect controlled dangerous substances, had acted in such a manner as to lead him to believe that the package contained a controlled dangerous substance. This "alerting" supplied the probable cause needed for the issuance of the warrant. It was not until the officer obtained the warrant, opened the package, and analyzed a sample of the contents of the package that he discovered the controlled dangerous substance upon which the dog "alerted" was methamphetamine. Thus, the warrant did not contain any misrepresentations, let alone any intentional misrepresentations.
Even if we were to find that this affidavit for the warrant contained a misrepresentation, it still does not appear that the evidence should have been suppressed because of the "good faith" doctrine. See United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). In State v. Scull, 93-2360, pp. 9-10 (La.App. 4 Cir. 6/30/94), 639 So.2d 1239, 1245[3], this court discussed "good faith":
In Leon, the Court noted that evidence seized pursuant to a warrant for which there was no probable cause to support it need not be suppressed if the officers who executed the warrant believed the warrant was validly issued. The Court listed four instances, however, where suppression remains the appropriate remedy for a search pursuant to an invalid warrant: (1) the affiant misled the magistrate by including in the affidavit misleading statements which the affiant knew were false or which he would have known were false except for his reckless disregard of the truth; (2) the magistrate abandoned his neutral and detached role; (3) the affidavit was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; or (4) the warrant was so facially deficient that it could not be presumed to be valid. Id. at 923, 104 S.Ct. at 3421.
This court found that although the officers may have thought that the affidavit contained probable cause to support the warrant, some of the information contained in the affidavit was learned as the result of an illegal arrest. This court noted: "The purpose of the exclusionary rule is to deter unlawful conduct. Without this factor, there would have not been probable cause *1030 for the issuance of the warrant. To allow its use, or to uphold a search based upon its use, would appear to defeat the purpose of the exclusionary rule." Id. at p. 10, 639 So.2d at 1245. This court then refused to apply the good faith exception to that case.
By contrast, in State v. Varnado, 95-3127 (La.5/31/96), 675 So.2d 268, the Court applied the good faith exception to a case where the affidavit for a search of a certain residence was found to be lacking in probable cause. Although the officers had probable cause to make a warrantless arrest of the defendant, they obtained an arrest warrant prior to arresting him. They then obtained the consent of the defendant's father to search the residence, but again they obtained a search warrant. However, the affidavit for the residence failed to provide any connection between the defendant and the residence. The officers then executed the warrant. On review, the Court found that although the affidavit failed to make the necessary connection between the defendant and the residence, the evidence seized from the house should not have been suppressed because the officers in "good faith" relied upon the warrant. The Court stated:
Nevertheless, the exclusionary rule "is designed to deter police misconduct rather than to punish the errors of judges and magistrates." Leon, 468 U.S. at 916, 104 S.Ct. at 3417. Its application therefore "must be carefully limited to the circumstances in which it will pay its way by deterring official []lawlessness." Id., 468 U.S. at 907 n. 6, 104 S.Ct. at 3412 ... Accordingly, "suppression of evidence obtained pursuant to a warrant should be ordered only on a case-by-case basis and only in those unusual cases in which exclusion will further the purposes of the exclusionary rule." Id., 468 U.S. at 922 n. 23, 104 S.Ct. at 3420.
The reasonableness inquiry under Leon is an objective one which turns on the totality of the circumstances surrounding the issuance of the warrant. Id., 468 U.S. at 922 n. 23, 104 S.Ct. at 3420 n. 23. Those circumstances include the overall familiarity of the officer applying for the warrant with the investigation and the degree to which he has participated in the events leading to the search. Massachusetts v. Sheppard, 468 U.S. [981] at 989 n. 6, 104 S.Ct. [3424] at 3428 n. 6 [, 82 L.Ed.2d 737 (1984)].
State v. Varnado, at pp. 3-4, 675 So.2d at 270. The Court then held that because the officers in that case had cautiously (and unnecessarily) sought warrants for the defendant's arrest and for the search of his home, the "good faith" exception to the warrant requirement would apply to that case.
Here, none of the four instances listed in Leon are present in this case. Based upon the drug dog's "alert," the officer had probable cause to believe there was contraband in the package. The affidavit did not contain any "misrepresentations" because at the time the warrant was sought the officer did not know the package contained methamphetamine; he only believed it contained some sort of controlled dangerous substance. The affidavit sets forth sufficient probable cause for the issuance of the warrant. There is no indication the magistrate who signed the warrant had abandoned his neutral and detached role. The face of the warrant itself is not deficient. Thus, even if we were to find the warrant was not valid, the "good faith" exception would apply in this case.
We find that the trial court erred by suppressing the evidence in this case.
For the foregoing reasons, we grant the application of the State, reverse the ruling of the trial court and deny the defendant's motion to suppress the evidence. The case is remanded to the trial court for further proceedings.
WRIT GRANTED; JUDGMENT REVERSED AND REMANDED.
NOTES
[1] Although counsel for the defendant indicated she would file a response to the State's writ by January 29, 1999, she has failed to do so.
[2] Writ den. 96-2352 (La.2/21/97), 688 So.2d 522.
[3] Writ den. 94-2058 (La.11/11/94), 644 So.2d 391.