750 So.2d 339 (1999)
STATE of Louisiana
v.
Gerald D. SHORTRIDGE.
No. 98-KA-2060.
Court of Appeal of Louisiana, Fourth Circuit.
December 22, 1999.
*340 Harry F. Connick, District Attorney, Nicole Barron, Assistant District Attorney, Orleans Parish, New Orleans, Louisiana, Counsel for Plaintiff/Appellee.
Martin Edward Regan, Jr., Regan & Boshea, P.L.C., New Orleans, Louisiana, Counsel for Defendant/Appellant.
Court composed of Chief Judge ROBERT J. KLEES, Judge JOAN BERNARD ARMSTRONG, Judge MICHAEL E. KIRBY.
KIRBY, Judge.
On February 19, 1997, the defendant was charged along with ten other defendants with possession of more than four hundred grams of cocaine. La. R.S. 40:967. He was arraigned March 7, 1997, and pled not guilty. He filed a motion to suppress evidence, which the trial court heard on April 22, 1997. The trial court deferred its ruling and granted defense counsel's request for additional time to file a memorandum. Evidently, none was ever filed, and the defendant pled guilty October 9, 1997, to possession of twenty-eight to two hundred grams of cocaine pursuant to State v. Crosby, 338 So.2d 584 (La.1976). On December 10, 1997, the defendant was sentenced to ten years at hard labor. He now appeals.

ERRORS PATENT:
La. R.S. 40:967(F)(1) provides for a mandatory minimum fine of $50,000.00. The defendant was not fined in this case. However, this court will not correct an error patent favorable to the defendant where not raised by the state or the defense. State v. Fraser, 484 So.2d 122 (La. 1986).
Furthermore, under La. R.S. 40:967(F), the sentence shall not be suspended, deferred or withheld, nor shall the defendant be eligible for probation or parole prior to serving the minimum sentence provided under LA. R.S. 40:967(G). However, the State did not raise the issue that the defendant should not be eligible for parole for the first ten years. State v. Fraser, supra.

FACTS:
Trooper Murphy Paul, Louisiana State Police, testified he applied for a search warrant for 8501 Cedar Lane, Apartment B, on December 13, 1996. He executed the warrant the same day. When the warrant was executed, there were several people standing outside the apartment. The defendant and another man, Michael Terre, ran toward the house. Paul ordered him to stop. The defendant ran into the apartment and closed the door behind him. Someone on the other side of the door tried to keep it closed. The officers forced entry. Upon entering, Paul saw the defendant exiting the kitchen. He was then arrested along with ten other people. Paul found four bags of cocaine containing four hundred grams of cocaine on top of the refrigerator. A search of the defendant produced $2,271.00.
*341 On cross-examination, he said that the confidential informant that provided the information leading to the warrant had proven reliable in the past. He said that the informant had been compensated. He conceded that the warrant did not set out that any transactions were observed or any controlled buys made. He said that the informant told him that the mother of one of the co-defendants, Juan Rojas, lived at the residence and that Rojas and the defendant used it to distribute cocaine. Paul observed Rojas and the defendant arrive at the residence and then left to obtain the warrant.
Trooper John Schmidt said he conducted surveillance of the apartment while Paul obtained the search warrant. He saw no individuals coming and going from the residence.

ASSIGNMENT OF ERROR
The defendant argues the trial court erred in denying the motion to suppress. Specifically he argues that the warrant was not supported by probable cause. The State argues that even if the warrant was not based on probable cause, the evidence should not be suppressed because of the officers' good faith reliance on the probable cause determination of the magistrate. We agree with the State's argument. For the purpose of this discussion we assume, but do not find, that the application for the search warrant did not contain sufficient information to establish probable cause.
In this case, the affidavit supporting the warrant stated:
1) A proven reliable and confidential informant has been within the above described residence within the past seventy-two (72) hours and has seen a substance known to said informant as cocaine.
2) Said informant mentioned in paragraph one has seen Juan Rojas, an occupant of the above mentioned residence, and Gerald Shortridge, a friend of Rojas, sell cocaine within the past six months. Said informant has also seen Rojas bring cocaine into the residence on more than five occasions within the past year.
3) Said informant mentioned in paragraph one has been proven reliable in the past by providing affiant with information which has resulted in the seizure of controlled dangerous substances, and has provided affiant with information which through independent investigation and corroboration has proved to be truthful, reliable and correct.
4) Said informant mentioned in paragraph one has seen cocaine in the past, is familiar with the physical characteristics, color, and usual packaging of cocaine.
5) Affiant Paul has more than five years experience in law enforcement and is now assigned to narcotics investigation and was told of the above information by the proven reliable and confidential informant and believes the information provided by the informant to be truthful and correct and asks that a search warrant issue for the above described residence.
The "good faith exception" was enunciated in U.S. v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677, and recognized by this court in State v. Knowles, 472 So.2d 54 (La.App. 4th Cir.1985), writ denied 477 So.2d 706 (La.1985), and State v. Scott, 499 So.2d 1248 (LA.App. 4th Cir. 1986). In State v. Scull, 93-2360, pp. 9-10 (La.App. 4 Cir. 6/30/94), 639 So.2d 1239, 1245, writ denied 94-2058 (La.11/11/94), 644 So.2d 391, this court discussed "good faith":
In Leon, the Court noted that evidence seized pursuant to a warrant for which there was no probable cause to support it need not be suppressed if the officers who executed the warrant believed the warrant was validly issued. The Court listed four instances, however, where suppression remains the appropriate remedy for a search pursuant to an invalid *342 warrant: (1) the affiant misled the magistrate by including in the affidavit misleading statements which the affiant knew were false or which he would have known were false except for his reckless disregard of the truth; (2) the magistrate abandoned his neutral and detached role; (3) the affidavit was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; or (4) the warrant was so facially deficient that it could not be presumed to be valid. Id. at 923, 104 S.Ct. at 3421.
This court found that although the officers may have thought that the affidavit contained probable cause to support the warrant, some of the information contained in the affidavit was learned as the result of an illegal arrest. This court noted: "The purpose of the exclusionary rule is to deter unlawful conduct. Without this factor, there would have not been probable cause for the issuance of the warrant. To allow its use, or to uphold a search based upon its use, would appear to defeat the purpose of the exclusionary rule." Id. at p. 10, 639 So.2d at 1245. This court then refused to apply the good faith exception to that case.
By contrast, in State v. Varnado, 95-3127 (La.5/31/96), 675 So.2d 268, the Court applied the good faith exception to a case where the affidavit for a search of a certain residence was found to be lacking in probable cause. Although the officers had probable cause to make a warrantless arrest of the defendant, they obtained an arrest warrant prior to arresting him. They then obtained the consent of the defendant's father to search the residence, but again they obtained a search warrant. However, the affidavit for the residence failed to provide any connection between the defendant and the residence. The officers then executed the warrant. On review, the Court found that although the affidavit failed to make the necessary connection between the defendant and the residence, the evidence seized from the house should not have been suppressed because the officers in "good faith" relied upon the warrant. The Court stated:
Nevertheless, the exclusionary rule "is designed to deter police misconduct rather than to punish the errors of judges and magistrates." Leon, 468 U.S. at 916, 104 S.Ct. at 3417. Its application therefore "must be carefully limited to the circumstances in which it will pay its way by deterring official []lawlessness." Id., 468 U.S. at 907 n. 6, 104 S.Ct. at 3412 ... Accordingly, "suppression of evidence obtained pursuant to a warrant should be ordered only on a case-by-case basis and only in those unusual cases in which exclusion will further the purposes of the exclusionary rule." Id., 468 U.S. at 922 n. 23, 104 S.Ct. at 3420.
The reasonableness inquiry under Leon is an objective one which turns on the totality of the circumstances surrounding the issuance of the warrant. Id., 468 U.S. at 922 n. 23, 104 S.Ct. at 3420 n. 23. Those circumstances include the overall familiarity of the officer applying for the warrant with the investigation and the degree to which he has participated in the events leading to the search. Massachusetts v. Sheppard, 468 U.S. [981] at 989 n. 6, 104 S.Ct. [3424] at 3428 n. 6 [, 82 L.Ed.2d 737 (1984)].
State v. Varnado, at pp. 3-4, 675 So.2d at 270. The Court then held that because the officers in that case had cautiously (and unnecessarily) sought warrants for the defendant's arrest and for the search of his home, the "good faith" exception to the warrant requirement would apply to that case.
Here, the affidavit did not contain misleading representations. There is no evidence that the magistrate abandoned his neutral and detached role. The face of the warrant itself is not deficient. Considering the totality of the circumstances, we find that the affidavit was not so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. Therefore, the "good faith" exception *343 applies in this case. The trial court did not err in denying defendant's motion to suppress the evidence.
For the reasons stated above, we affirm the defendant's conviction and sentence.
AFFIRMED.