hMAX N. TOBIAS, JR., Judge.
On 25 July 2001, defendant, Theodore Legett (“Legett”), was charged by bill of information with possession of cocaine in the amount of more than twenty-eight grams and less than two hundred grams, a violation of La. R.S. 40:967, and possession of marijuana with the intent to distribute, a violation of La. R.S. 40:966. He was arraigned and pled not guilty on 2 August 2001. A motion to suppress was heard and denied 20 August 2001. On 4 September 2001, Legett withdrew his plea of not guilty and pled guilty as charged on each count pursuant to State v. Crosby, 338 So.2d 584 (La.1976). He was immediately sentenced to five years at hard labor on each count with credit for time served, with the sentences to be served concurrently. He timely filed a motion for appeal.

FACTS:

On 16 July 2001, officers received information from a tested confidential informant that the Legett and Dwayne Collins were selling cocaine from 2509 Governor Nicholls Street. Collins was allegedly Le-gett’s supplier, and Collins drove a red pick-up truck, license number V828039. Officers set up surveillance and witnessed an exchange of a small plastic bag and currency between Legett and | <>& man who had been driving a white pick-up truck. An attempted stop was unsuccessful.
Fifteen minutes later, a red pickup truck drove up and Dwayne Collins, who an officer recognized from a previous investigation involving possession of marijuana, went to the door and handed Legett a large wad of currency. Collins went into the residence and emerged a short time later. The officers began following him and observed him talking on a cell phone. Collins knew the officers and appeared to recognize their vehicle. The officers thought he might be alerting Legett. They stopped him and found $6,170.00. A police dog alerted on the money.
Back at the house, officers observed a gray Buick drive up. The driver knocked on the door of the house, and Legett emerged carrying a black bag and a small blue and white ice chest. Legett got into the passenger side of the vehicle and the vehicle drove off. The officers thought Legett was attempting to destroy evidence and tried to stop the vehicle, but the vehicle sped away. Legett jumped out of the moving car with the ice chest and black bag. He 'dropped the ice chest, which broke open to reveal two large bags of marijuana and two bags of cocaine. Le-gett kept running and was apprehended with the black bag. He was arrested, and a search incident thereto revealed that the bag contained marijuana, a digital scale, $709.00, and keys.
The officers obtained a search warrant for the residence, and a search revealed two more bags of marijuana weighing more than 928 grams.
| ^ERRORS PATENT:
The date of the offense was 16 July 2001. At that time, La. R.S. 40:966(B)(2) provided a penalty of imprisonment of not less than five nor more than thirty years, with the first five to be served with out benefits and a fine of not more than fifty thousand dollars for the offense of possession with intent .to' distribute marijuana. However, pursuant to Acts 2002, 1st Ex. Sess., No. 45, La. R.S. 40:966(B) was amended to add subsection (B)(3) for convictions of possession of marijuana with intent to distribute, and made retroactive to 15 June 2001. Therefore, the amendment to the statute applies to this case.
As the statute reads now, there is no longer a requirement that the first five *1106 years of imprisonment be served without benefits. However, the statute imposes the payment of a fine of not more than fifty thousand dollars. The trial court did not impose a fíne.
We were faced with the identical situation in State v. Course, 2001-1812 (La.App. 4 Cir. 1/30/02), 809 So.2d 488. After reviewing the Supreme Court case of State v. Williams, 2000-1725 (La.11/28/01), 800 So.2d 790, and the applicable statutory provisions, we held that where no minimum fine is provided by statute, the trial court did not abuse its discretion in omitting the fine, and no error patent existed. Id. at p. 6, 809 So.2d. at 492. We follow the holding in Course and find that no patent error exists concerning this issue.
However, the same cannot be said for the trial court’s failure to assess a minimum fine of $50,000.00 as required by La. R.S. 40:967. Because the statute |4sets forth a minimum fine and provides a range of fine to be imposed, we remand the matter for the imposition of that fíne.[1]

ASSIGNMENT OF ERROR:

Legett argues that the trial court erred in denying his motion to suppress.
The authorization for a temporary stop by a police officer of a person in a public place is set forth in La.C.Cr.P. art. 215.1, which provides in pertinent part:
A. A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.
See also Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Carey, 609 So.2d 897 (La.App. 4 Cir.1992); State v. Johnson, 557 So.2d 1030 (La.App. 4 Cir.1990). As this court noted in Johnson:
“Reasonable suspicion” is something less than the probable cause required, for an arrest, and the reviewing court must look to the facts and circumstances of each case to determine whether the detaining officer had sufficient facts within his knowledge to justify an infringement of the suspect’s rights. State v. Jones, [483 So.2d 1207 (La.App. 4th Cir.1986), unit den. 488 So.2d 197 (1986)]. Mere suspicion of activity is not a sufficient basis for police interference with an individual’s freedom. State v. Williams, 421 So.2d 874 (La.1982).
Id. at 1033.
Ijn addition, once an officer has reasonable suspicion to detain a suspect, paragraph B of La.C.Cr.P. art. 215.1 provides:
When a law enforcement officer has stopped a person for questioning pursuant to this Article and reasonably suspects that he is in danger, he may frisk the outer clothing of such person for a dangerous weapon. If the law enforcement officers reasonably suspect the person possesses a dangerous weapon, he may search the person.
See also State v. Hunter, 375 So.2d 99 (La.1979). “The officer need not be abso *1107 lutely certain that the person is armed, but the officer must be warranted in his belief that his safety or that of others is in danger.” State v. Smith, 94-1502, p. 5 (La.App. 4 Cir. 1/19/95), 649 So.2d 1078, 1082.
Here, officers received information from a tested confidential informant that Legett was selling drugs from 2509 Governor Nicholls Street. They went to the residence and observed a narcotics transaction. They saw Collins, whom they knew, driving the described red pick-up truck. They saw Collins give Legett a large wad of currency. Collins recognized the officers, and they could see him making a telephone call. Legett then left the residence, and when the officers attempted to stop the car, the car sped away. Legett jumped out of a moving car and spilled the drugs. The officers clearly had reasonable suspicion to stop Legett, and they could lawfully seize the drugs that dropped out of the ice chest. They then had probable cause to arrest him, and they could lawfully seize the bag with the other items incident to arrest.
Also, the search warrant for the residence was based on probable cause. The evidence was seized pursuant to a search warrant. In State v. Page, 95-2401, p. 12 (La.App. 4 Cir. 8/21/96), 680 So.2d 700, 709-710, this court noted the standard for determining probable cause to support the issuance of a search warrant:
| ^Louisiana Code of Criminal Procedure Article 162 provides that a search warrant may be issued “only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing the cause for the issuance of the warrant.” In State v. Duncan, 420 So.2d 1105, 1108 (La.1982) our Supreme Court held that probable cause exists when:
the facts and circumstances within the affiant’s knowledge, and those of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that evidence or contraband may be found at the place to be searched, (citations omitted) See also, State v. Roebuck, 530 So.2d 1242 (La.App. 4th Cir.1988), writ den. 531 So.2d 764 (La.1988).
The facts which form the basis for probable cause to issue a search warrant must be contained “within the four corners” of the affidavit. Duncan, supra at 1108. A magistrate must be given enough information to make an independent judgment that probable cause exists for the issuance of the warrant. State v. Manso, 449 So.2d 480, 482 (La. 1984), cert. denied, Manso v. Louisiana, 469 U.S. 835, 105 S.Ct. 129, 83 L.Ed.2d 70 (1984). The reviewing Court must determine whether the “totality of circumstances” set forth in the affidavit is sufficient to allow the magistrate to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him that there is a reasonable probability that contraband will be found. The duty of the reviewing court is simply to ensure that the magistrate had a “substantial basis” for concluding that probable cause ■ existed. Manso, supra at 482.
See also State v. Hoffpauir, 99-0128 (La. App. 4 Cir. 4/7/99), 731 So.2d 1026.
Here, the officers received information that Legett was selling drugs from the residence. They observed a sale from the residence. They pursued Legett in a vehicle chase and saw him spill drugs as he emerged form a moving car. These facts were conveyed to the magistrate in an affidavit. The warrant was therefore based on probable cause and the trial court did not err in denying the motion.
*1108 For the foregoing reasons, we affirm both convictions and remand for re-|7sentencing on the cocaine charge.

CONVICTIONS AFFIRMED; REMANDED FOR RE-SENTENCING ON COCAINE CHARGE.

. We recognize that under State v. Fraser, 484 So.2d 122 (La. 1986), the absence of a mandatory minimum fine would constitute an illegally lenient sentence that would inure to the defendant's benefit absent a contemporaneous objection by the State. However, we interpret State v. Williams, 2000-1725 (La.11/28/01), 800 So.2d 790, as requiring us to remand this matter to the trial court for the imposition of a fine although the issue is not before us on appeal. As recognized by Chief Justice Calogero in Williams, doing so “may have a 'chilling effect’ on the exercise of the [defendant’s] right to appeal.” Id. at p. 1, 800 So.2d at 803 (Calogero, C.J. dissenting), quoting State v. Jackson, 452 So.2d 682, 683 (La. 1984).