WILLIAMS, J.
IjThe defendant, Robert Frith, was charged by bill of information with failure to register or update registration as a sex offender, a violation of LSA-R.S. 15:542.1.4. The defendant pled guilty as charged. The district court sentenced defendant to serve seven and one-half years at hard labor without the benefit of parole, probation or suspension of sentence. The defendant appeals his sentence as excessive. For the following reasons, we affirm.
DISCUSSION
The defendant, a convicted sex offender, reported to the Ouachita Parish Sheriffs Office and registered his address as 229 Lynette Drive in West Monroe, Louisiana. On February 2B, 2010, Deputy Michael McLain went to the defendant’s reported address for a routine check and discovered that the residence was vacant. Upon further investigation, Deputy McClain learned that no one had lived at that address for approximately six months and that the house did not have electricity. Subsequently, the defendant was arrested and charged with failure to register or update registration as a sex offender. Defendant pled guilty as charged and the district court ordered a presentence investigation (“PSI”) report. Defendant was sentenced to serve seven and one-half years at hard labor without the benefit of parole, probation or suspension of sentence. The defendant’s motion to reconsider sentence was denied and this appeal followed.
The defendant contends the district court erred in imposing an excessive sentence. Defendant argues that a lesser sentence is appropriate considering the circumstances of the case and the hardship on his family.
| ⅞An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.O.P. art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects adequate consideration of the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dillard, 45,633 (La.App.2d Cir.l 1/3/10), 55 So.3d 56. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal history, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Dillard, supra.
Second, the reviewing court must examine whether the sentence is too severe considering the circumstances of the case and the background of the defendant. A sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993). A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, a sentence will not be set aside as excessive. State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. LSA-R.S. 15:542.1.4(A)(1) provides that a person who fads to register as a sex offender, to renew and update registration or to notify law enforcement of a change of address or other registration information “shall, upon first conviction, be fined not more than $1,000 and imprisoned at hard |slabor for not less than two years nor more than ten years without benefit of parole, probation or suspension of sentence.”
*910 At sentencing, the district court reviewed a PSI report, which showed that the defendant is a fourth-felony offender, with prior convictions for sexual battery in February 1992 and June 1997 and for failing to register as a sex offender in August 2008. The court considered the guidelines of Article 894.1, finding that there was an undue risk the defendant would commit another crime during a period of a suspended sentence or probation, that the defendant was in need of correctional treatment most effectively provided by his commitment to an institution and that any lesser sentence would deprecate the seriousness of the crime.
Regarding the defendant’s personal history, the court was aware of defendant’s age, that he had dropped out of high school, that he had been employed and that he was unmarried without any children. In addition, the court was “particularly concerned” that the present offense was defendant’s second conviction for failure to register as a sex offender and indicated defendant’s refusal to follow the law.
The record demonstrates that the district court was cognizant of the appropriate factors in determining the defendant’s sentence, which is within the statutory range for the offense of conviction. The sentence of seven and one-half years imposed was tailored to fit this defendant and is neither grossly disproportionate to the severity of the offense committed nor an abuse of the district court’s discretion. Thus, we cannot say the sentence is constitutionally excessive. The assignment of error lacks merit.
|4We note that Section 542.1.4(A)(1) mandates that the offender be fined “not more than” $1,000. Thus, the district court has the discretion to determine the amount of the fine up to $1,000. Here, the district court did not impose a fine in sentencing the defendant. We conclude that where no minimum fine is provided by statute, the district court did not abuse its discretion in omitting the fine. See State v. Francois, 06-788 (La.App. 3rd Cir.12/13/06), 945 So.2d 865; State v. Legett, 02-0153 (La.App. 4th Cir.5/22/02), 819 So.2d 1104. Consequently, we find no error patent on this record.
CONCLUSION
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.