PER CURIAM.
Granted. The ruling of the trial court is reversed and this case is remanded for further proceedings.
A trial court’s legal conclusions in ruling on a motion to suppress are subject to de novo review by an appellate court, State v. Palmer, 09-0044, p. 5 (La.7/1/09), 14 So.3d 304, 307, and the determination of probable cause for a search is ordinarily made within the four comers of a warrant application, State v. Duncan, 420 So.2d 1105, 1108 (La.1982), unless the defendant carries his burden of showing deliberate or negligent misrepresentations made by the affiant. Franks v. Delaware, 438 U.S. 154, 156, 98 S.Ct. 2674, 2676, 57 L.Ed.2d 667 (1978); State v. Brannon, 414 So.2d 335, 337 (La.1982).
In the present case, despite expressing concern for the way in which the police conducted a controlled purchase of cocaine from “Black” using one of their confidential informants, as detailed in the warrant application for the targeted premises, and despite expressing considerable dismay with discrepancies it found in the testimony of the affiant at the hearing on defen *1139 dant’s motion to suppress, along with doubts defendant actually lived on the premises, the trial court did not find as a factual matter the police lied in the application and that the controlled purchase never occurred. As alleged in the warrant application, the purchase made by the confidential informant under the direct supervision of the police provided probable cause to search the targeted premises, from which “Black” emerged to make the sale, and into which he retreated after-wards. State v. Grey, 408 So.2d 1239, 1242-43 (La.1982); State v. Klar, 400 So.2d 610, 611 (La.1981). Although the controlled buy took place some distance away from the residence, it was reasonable for the magistrate to conclude the seller stored additional contraband in the residence. United States v. Reddrick, 90 F.3d 1276, 1281 (7th Cir.1996) (magistrate may infer that “in the case of drug dealers evidence is likely to be found where dealers live....”) (internal quotation marks and citation omitted). The warrant thus established a “probable continuing nexus between the place sought to be searched and the property sought to be seized.” State v. Varnado, 95-3127, p. 2 (La.5/31/96), 675 So.2d 268, 270 (internal quotation marks and citation omitted). Because the officers were “under no constitutional duty to call a halt to a criminal investigation the moment they ha[d] the minimum evidence to establish probable cause,” Hoff a v. United States, 385 U.S. 293, 310, 87 S.Ct. 408, 417, 17 L.Ed.2d 374 (1966), the controlled buy also provided the officers with probable cause to detain defendant approximately one block away when they arrived back at the location with the warrant, and to secure him on the premises while they searched. Bailey v. United States, — U.S. -, -, 133 S.Ct. 1031, 1042, 185 L.Ed.2d 19 (2013), (“If officers elect to defer the detention until the suspect or departing occupant leaves the immediate vicinity [of the premises targeted for a search], the lawfulness of detention is controlled by other standards, including, of course, a brief stop for questioning based on reasonable suspicion ... or an arrest based on probable cause.”).
The trial court therefore erred in suppressing the evidence found on the scene and defendant’s statements as the fruits of an illegal search and seizure.
JOHNSON, C.J., dissents.