STATE OF LOUISIANA                              NO. 20-K-18

VERSUS                                          FIFTH CIRCUIT

KELLY FOLSE                                     COURT OF APPEAL

                                                STATE OF LOUISIANA

_____
April 07, 2020

_____
Mary E. Legnon
Chief Deputy Clerk

**IN RE** KELLY FOLSE

_____

**APPLYING FOR**  SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT
COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE
SCOTT U. SCHLEGEL, DIVISION "D", NUMBER 17-8027

_____

Panel composed of Judges Marc E. Johnson,
Stephen J. Windhorst, and John J. Molaison, Jr.


**WRIT DENIED**

Defendant, Kelly Folse, seeks supervisory review of the trial court's judgment denying her motion to suppress evidence obtained from her cellular telephone.[1]  Her phone was seized by Jefferson Parish Sheriff's Office pursuant to a warrant after her arrest on December 19, 2017 for charges relating to the shooting death of her neighbor's dog.  We deny the writ application based on a plain reading of La. C.Cr.P. art. 163, clarified by the legislature in the 2019 amendments to this statute.

The trial court initially held a suppression hearing and denied the motion on June 27, 2018.  The suppression hearing was reopened after defendant's application for review was granted by this Court, and reversal and remand of the Louisiana Supreme Court who ordered the trial court to conduct further evidentiary proceedings before reconsideration.  *State v. Folse*, 18-1518, p. 2 (La. 6/26/19), 284 So.3d 627.

On remand, after hearing the testimony of Detective Kristen Livers and Steven Hillard of the Jefferson Parish Sheriff's Office (JPSO), the trial court denied the motion to suppress on November 7, 2019 finding the amendments to La. C.Cr.P. art. 163(E), addressing search warrants for data or information contained on a computer or other electronic device, applied retroactively to consider a warrant to have been executed within the time allowed if the cellular telephone was seized before the expiration of the time allowed, or if the device was in law

_____

[1] A February 19, 2020 order of the district court clarified the record to reflect that the case was submitted on September 9, 2019, and November 14, 2019 was the date of the status conference when the Court advised the parties that its judgment and reasons had been issued on November 7, 2019.

20-K-18

enforcement custody at the time of the issuance of the warrant. Responsive to the Louisiana Supreme Court's question of "whether the officer acted reasonably in good faith or the police conduct was coercive and indicative of bad faith," the trial court found that defendant consented to a search of her cellular phone, as the officers were not coercive and made no promises that would negate the voluntariness of defendant's consent. Finding their testimony to be credible, the trial court determined the officers "acted reasonably in good faith" and did not offer anything in exchange for the defendant providing the passcode except that the phone would be returned earlier, which was done at the suggestion of defendant and her attorney.[2] Voluntariness of consent is a question of fact which the trial judge is to determine based on the totality of the circumstances. *State v. Taylor*, 04-90 (La. App. 5 Cir. 5/26/04, 6); 875 So.2d 962, 967, *writ denied*, 2004-1649 (La. 11/19/04); 888 So.2d 193. We defer to the trial court's findings of fact and credibility determinations of the witnesses. Defendant is an educated professional who consulted with her attorneys before providing the passcode to officers. The trial court was not clearly erroneous in its determination of defendant's voluntary consent to the search by providing her passcode in return for the early release of her cellular phone.

Legal conclusions in adjudicating a motion to suppress are subject to *de novo* review. *State v. Donald*, 13-0018 (La. 5/3/13), 115 So.3d 1138, 1139. The trial court declined to interpret the terms "examination or testing" as used in Section (D)(2) of La. C.Cr.P. art. 163 to mean the extraction of the contents of a cellular phone, reasoning that the lifting and examining of latent prints or ballistic testing of a firearm are different from the extraction of the contents of a cellular phone.[3] We disagree as the "plain language" of the article is "any examination or testing of the seized property may be conducted at any time before or during the pendency of any criminal proceeding in which the property may be used as evidence."[4] An extraction of data from a cellular phone is done to permit the examination of the contents, which may be done at any time before or during the trial. The seizure of a phone for later review of the contents by a computer team is analogous to the removal of a defendant's documents for later review of the contents by investigators. Therefore, as JPSO officers seized the phone and submitted it to testing by the Digital Forensics Unit within the time limitation of La. C.Cr.P. art. 163(C), it was not required to complete the forensic extraction within ten days.

Due to amount of time involved in forensic imaging and review of information, difficulties create by encryption, and the workload of computer labs, ten days may not be realistic for law enforcement. Steven Hillard of the JPSO Digital Forensics Unit testified that because of the volume of electronic devices in the queue, it would not have been possible to extract the evidence from every phone within 10 days of submission.[5] The Louisiana Legislature amended La. C.Cr.P. art. 163 to provide "if the device was in law enforcement custody at the

---

[2] This Court's previous finding that the facts supported the inference that the detectives, recognizing that the warrant was expired, decided to obtain relator's consent rather than obtaining another warrant, is contradicted by the expanded testimony of officers after remand. *State v. Folse*, 18-458 (La. App. 5 Cir. 8/16/18), --- So.3d ---, *available at* 2018WL3946280.

[3] However, the increased privacy interest is protected by the requirement of obtaining a warrant before the search of a cellular phone. *Riley v. California*, 573 U.S. 373, 134 S.Ct. 2473 (2014).

[4] Despite defendant's arguments (adopted by the trial court) that a good faith reliance on La. C.Cr.P. 163(D) to process evidence will allow a phone seized incident to arrest to be detained indefinitely and searched at the leisure of law enforcement, the seized property in the article refers to property seized pursuant to a search warrant due to the inclusion of article 163 inclusion in Title IV. Search Warrants of the Louisiana Code of Civil Procedure.

[5] Mr. Hillard estimated that extraction could take weeks due the necessity of sending a password protected iphone to a third party service to access the data.

2

time of the issuance of the warrant, any data or information contained in or on the device may be recovered or extracted pursuant to the warrant at any time, and such recovery or extraction shall not be subject to the time limitation in Paragraph C of this Article." La. C.Cr.P. art. 163(E)(2). This article was not in effect until August 1, 2019, and we do not find it necessary to apply it retroactively in this case.[6] It does, however, lend support to our interpretation of the original statute as treating cellular telephones similarly to the property addressed in section D, which as the trial court noted in his reasons for judgment: "The deputies also testified about the entire law enforcement community's appreciation that La.C.Cr.P. art. 163(D) was applicable; not subsection (C)."

Therefore, in our *de novo* review, we find that compliance with La. C.Cr.P. art. 163 required the obtaining of a warrant to search defendant's seized cellular phone and submitting it to the Digital Forensics Unit within the required time, not completing the extraction. Thus, we affirm the judgment of the trial court denying the motion to suppress.

Gretna, Louisiana, this 7th day of April, 2020.

**JJM**
**SJW**

---

[6] In determining whether the amendment of La. C.Cr.P. art. 163(E) should be retroactively applied, the trial court found the amendment was procedural. We would disagree with the trial court's characterization if the amendment were to supply a new, expanded deadline for law enforcement to conduct searches pursuant to a warrant, as this would be a substantive amendment, representing a distinct change in the obligations of the State. *See Rochelle v. LeBlanc*, 10-1901 (La. App. 1 Cir. 5/6/11), 65 So.3d 240, 243. However, in our reading of the preexisting law of La. C.Cr.P. art. 163(D), we view the amendment of Subsection E as interpretative, not changing the statute but redefining the statute to its original meaning. *St. Paul Fire & Marine Ins. Co. v. Smith*, 609 So.2d 809, 817 (La. 1992).

STATE OF LOUISIANA

VERSUS

KELLY FOLSE

NO. 20-K-18

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

**JOHNSON, J., CONCURS WITH REASONS**

I, respectfully, concur with the majority disposition in this matter. I opine that the issue directly before this Court on *de novo* review is whether La. C.Cr.P. art. 163(E) should be applied retroactively. In its reasons for judgment, the trial court specifically found that "the changes to La. C.Cr.P. art. 163 are procedural and should be applied retroactively. Consequently, the Court finds that the defendant's phone was searched pursuant to a valid search warrant that had not expired." The majority finds it unnecessary to apply La. C.Cr.P. art. 163(E); yet, the interpretation of La. C.Cr.P. art. 163(E) is the central focus of this Court's *de novo* review. As a result, I would directly address the retroactivity of La. C.Cr.P. art. 163(E) to this case.

When analyzing the retroactivity of La. C.Cr.P. art. 163(E), I also disagree with the trial court's finding that the change to the statute was substantive and find that the change to the statute was interpretative. However, the interpretative legislation added to La. C.Cr.P. art. 163 should be applied retroactively. *See*, *La. C.C. art. 6*; *Krebs, Lasalle, Lemieux Consultants, Inc. v. G.E.C., Inc.*, 16-24 (La.App. 5 Cir. 7/27/16); 197 So.2d 829, 831; *See also*, *St. Paul Fire & Marine Ins. Co. v. Smith*, 609 So.2d 809, 817-18 (La. 1992), where the supreme court found, "[w]hen an existing law is not clear, a subsequent statute clarifying or explaining the law may be regarded as interpretive, and the interpretive statute may be given retrospective effect because it does not change, but merely clarifies,

pre-existing law." Therefore, I would find that Defendant's phone was searched pursuant to a valid search warrant that had not expired.

Like the Louisiana Supreme Court's conclusion in an earlier ruling on the motion to suppress in this matter, I am also "not prepared to adopt the State's expansive and novel reading of Art. 163[(D)(2)][7], even with the additional evidence admitted on remand; thus, I would refrain from denying the writ application based upon the State's argument. *See*, *State v. Folse*, 18-518 (La. 6/26/19); 284 So.3d 627, 629.

**MEJ**

---

[1] In its writ application to the supreme court, the State argued that La. C.Cr.P. art. 163(D)(2) authorized the police to extract the date from Defendant's phone notwithstanding the 10-day period limiting the execution of the search warrant established in La. C.Cr.P. art. 163(C), which is the basis of the analysis in the proposal. The court declined to consider the State's argument regarding the applicability of La. C.Cr.P. art. 163(D)(2), particularly in light of what may have amounted to a concession in the trial court that the provision does not squarely apply. *Folse*, 284 So.3d at 629.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **04/07/2020** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**20-K-18**

### E-NOTIFIED

Frank G. DeSalvo (Relator)          Thomas J. Butler (Respondent)

### MAILED

Shannon R. Bourgeois (Relator)
Attorney at Law
739 Baronne Street
New Orleans, LA 70113